Jake MOORE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Kenneth Wayne GOODSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50765, 50766.

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Robert Whaley and Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

These are appeals from convictions for aggravated robbery under Sec. 29.03 of the Penal Code. The jury assessed punishment at 5 years in the Texas Department of Corrections for appellant Moore and 15 years in the Texas Department of Corrections for appellant Goodson.

The appellants were tried together for the same offense, each being individually represented by court appointed counsel. Both appellants are now represented by a single appointed counsel for this appeal. Both causes have been briefed together.

The complainant, Bernard Shaw, testified that on the morning of September 2, 1974, at approximately 3:00 a.m., he was driving on Bexar Street in Dallas County, when he was stopped by the appellant Kenneth Wayne Goodson in front of the T & P Cafe. Goodson offered the complainant a dollar to drive him to an address on Pinkston Street. The victim and Goodson had known each other for several years. After driving Goodson to a "Chicken Shack" to get something to eat, the complainant reminded Goodson of a two dollar debt. Upon reaching the Pinkston Street address, Goodson departed the vehicle saying he would get the two dollars he owed Shaw from his mother. Shaw waited in the car, a 1972 Volkswagen which he had borrowed from his sister's common-law husband.

Shaw testified that when Goodson returned he placed a sawed-off shotgun against his neck and threatened in very vulgar terms to blow his head off. Shaw also testified that at this time Goodson appeared to be high on drugs; however, he could not say whether it was marihuana, heroin, or pills. He was however certain that Goodson was "super doped up."

Shaw then stated that he saw appellant Jake Moore, Jr. walk up to the car. Shaw stated he got out of the car and as he did so Jake Moore backed away. At this point Goodson struck Shaw across the face with the butt of the shotgun. The blow knocked Shaw to the ground. Shaw then tried to break away, but Goodson commanded him to stop "or I'll blow your back out."

At this point, appellant Moore was across the street. Goodson then ordered appellant Moore to "keep your shit on him" which Shaw testified meant "pistol" in ghetto slang. Shaw stated that he heard a sound which he thought was a revolver being cocked and the cylinder of a pistol rolling in response to Goodson's command. Shaw admitted that at no time did he ever see a pistol, but he believed that Moore had one on his person. Shaw stated that he was familiar with pistols from his experience in the military and on the streets of Dallas.

Goodson then ordered Moore to "crank up this punk's car, man, because I'm fixing to kill him." Goodson then asked Moore to light a cigarette for him and, as Goodson turned to Moore, Shaw testified that he was able to escape.

Shaw also testified that Goodson had taken his Accutron watch and two dollars in currency from him.

Shaw immediately reported the incident to the police and returned with them to the scene. The police, with Shaw still accompanying them, arrested Moore and a companion, in Shaw's Volkswagen, some distance from the scene about thirty minutes after the incident.

Appellant Goodson testified in his own defense. He stated that no robbery took place but that he feared Shaw because of his bad reputation for violence. Goodson contended that he and Shaw had only argued over a debt of Shaw's. Goodson admitted on direct examination that he had been in prison for theft after a probation revocation for the offense of aggravated assault. On cross-examination Goodson was reminded of two more cases of aggravated assault.

Appellant Moore testified that he knew a robbery was "going down" but then corrected himself and said that it was just a mistake of speech. In general, Moore denied that a robbery took place but he stated that there was an argument between Shaw and Goodson about money and that Shaw ran away. Moore stated that he was trying to find the complainant to return his car when he was arrested.

The officer who arrested Moore stated that he found no weapons of any type in the vehicle or in Moore's possession.

Appellants' third ground of error is that the trial court erred in denying the specially requested charge on circumstantial evidence.

The record reflects that appellant Moore timely requested a charge on circumstantial evidence which the trial court denied. Appellant Goodson did not request a charge on circumstantial evidence and excepted to the charge on grounds not brought forward in this appeal.

The State in its indictments of both Moore and Goodson alleged that aggravated robbery was committed "by using and exhibiting a deadly weapon, namely, a pistol."

The State is bound by its allegations in the indictment and must prove them beyond a reasonable doubt. *Butler v. State*, 429 S.W.2d 497 (Tex.Cr.App.1968); *Seiffert v. State*, 501 S.W.2d 124 (Tex.Cr. App.1973). Therefore, the State was bound to prove beyond a reasonable doubt that the appellants robbed the complainant Shaw with a pistol. The proof of robbery with a sawed-off shotgun does not meet the burden. The State offered the testimony of Shaw that Goodson told Moore to put his "shit" on the complainant. Shaw stated that this was ghetto slang for "iron" and that he understood this to mean a pistol. Shaw also testified that he heard what he thought was a pistol· being cocked. Shaw admitted that he never saw a pistol of any kind at any time.

The State contends in its brief that the use of a pistol is shown by direct "earwitness" evidence. We disagree.

In *Brown v. State*, 162 Tex.Cr.R. 208, 283 S.W.2d 954 (1955) the appellant was charged with the offense of aggravated assault. The indictment alleged that the appellant committed the offense by shooting a pistol at the complaining witness. The complaining witness testified that he "heard a shot fired" and then later heard "more shots fired." The evidence showed that the complainant was in a car which was being followed by a car with the appellant in it. The complainant admitted that

he had not seen a pistol at any time during the incident. It was also shown that two weeks prior to the incident Brown had been seen with a pistol in his car. This Court reversed the conviction on the ground that the trial court erred in failing to give a requested charge on circumstantial evidence. We find *Brown v. State, supra,* to be in point.

The conversation between Goodson and Moore coupled with the sound that the complainant Shaw heard gave rise to a reasonable inference that the robbery was committed with a pistol. As this Court said in *Farris v. State*, 496 S.W.2d 55 (Tex.Cr. App.1973), speaking through Presiding Judge Onion:

"All of the evidence adduced was direct evidence as to the facts deposed to but indirectly as to the factum probandum of the alleged offense."

See also *Hielscher v. State*, 511 S.W.2d 305 (Tex.Cr.App.1974).

As to appellant Moore, we must conclude that the trial court committed reversible error in failing to grant his special requested charge on circumstantial evidence.

As to appellant Goodson, the record reflects that he neither requested a charge on circumstantial evidence nor objected to the court's charge for its failure to charge on circumstantial evidence. Therefore, with respect to his third ground of error, Goodson presents nothing for review. Art. 36.14, V.A.C.C.P.; *Mills v. State*, 508 S.W.2d 823 (Tex.Cr.App.1974).

Appellant Goodson in his first ground of error contends that the evidence is insufficient to support the conviction. We disagree. The facts are set out above in some detail. The evidence of a pistol being used is circumstantial but it is more than sufficient to support the conviction. Appellant Goodson's first ground of error is overruled.

In his second ground of error appellant Goodson contends that there is a fatal variance between the indictment and the proof. He argues that the State alleged a pistol in the indictment and failed to prove it at the trial or at most proved the use of a sawed-off shotgun. We disagree. The State did prove a pistol although by circumstantial evidence.

Appellant Goodson's second ground of error is overruled.

Since the trial court failed to grant the requested charge on circumstantial evidence, the judgment in cause number 50,766 is reversed and remanded.

The judgment in cause number 50,765 is affirmed.

Opinion approved by the Court.

DOUGLAS, J., dissents to the reversal of the Moore conviction.