Roy Michael MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–236–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1982.

Clarence Thompson, Francelia Totty, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

Appellant was convicted by a jury of aggravated rape, and the jury assessed his punishment at twenty years in the Texas Department of Corrections. We affirm.

Appellant asserts, as two grounds of error, that the evidence was insufficient to show that the rape was aggravated (under V.T.C.A., Penal Code, § 21.03(a)(2)—compelling submission to rape by threatening imminent infliction of serious bodily injury or death) and insufficient to show rape (under V.T.C.A. Penal Code § 21.02). First, the appellant contends that the only threat shown was by the complainant's testimony that appellant placed a pistol in her back saying, "Bitch walk, and walk fast" so as to force her to his apartment. She testified she never saw the pistol and they both went to sleep after the rape until he woke her and made her take a bath the next morning. Appellant cites *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1979), in which an aggravated rape conviction was reversed because "no weapon was displayed, seen or used" and the complainant "suffered no concussion, no broken bones, no internal injury, no serious permanent disfigurement, and no protracted loss or impairment of any part of her body." The court there held that her "black and swollen eyes, swollen face" and other cuts, bruises and scratches did not amount to "serious bodily injury" as defined by the Tex.Penal Code Ann. Art. § 1.07(a)(34) (Vernon 1974). That is relied upon by the appellant in saying that the evidence, taking into consideration the totality of the circumstances, is insufficient to support a conviction of aggravated rape. The dissent in *Rucker v. State, supra,* said that the injuries (above described in quotes) were more severe than those held sufficient in *Berry v. State,* 579 S.W.2d 487 (Tex.Cr. App.1979), where a knife was used.

The State suggests that, viewing the evidence in the light most favorable to the jury verdict, as required by *Rogers v. State*, 550 S.W.2d 78 (Tex.Cr.App.1977), the rape occurred by implied threat of death or serious bodily injury through exhibition of a deadly weapon. The complainant testified that appellant said he had a gun, even though she never saw it, but only felt it in her back. *Cf. Moore v. State*, 531 S.W.2d 140 (Tex.Cr.App.1976). She said he threatened to "whip her ass" if she didn't undress. In *Rucker v. State, supra*, the majority on rehearing reasoned that ". . . the legislature intended that the threat of death or serious bodily injury contemplated something more than 'force' and 'threat' as used in V.T.C.A. Penal Code § 21.02 (ordinary rape). Otherwise every time 'force' (actions and deeds) was used there would automatically be aggravated rape . . ." The majority opinion in *Rucker v. State, supra*, further held that *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979), was correct in holding that "absent an express verbal threat, evidence was sufficient to prove aggravated rape . . . only when . . . a deadly weapon was used, or serious bodily injury was in fact inflicted." The verbal threat in the instant case was not of serious bodily injury or death and there was no serious bodily injury. However, we cannot say there was insufficient evidence of the use of a gun as a threat of serious bodily injury. *Cf. Riddick v. State*, 624 S.W.2d 709 (Tex.App.—Houston [14th Dist.] 1981, no writ). The first ground of error is overruled.

 Appellant cites no authority except by quoting the Tex.Penal Code Ann. Art. § 21.02 (Vernon 1979), as to the requirements for proof of simple rape. Therefore, no proper ground of error is raised for review. *Roberson v. State*, 513 S.W.2d 572 (Tex.Cr.App.1974). Furthermore, the evidence fits § 21.02(b)(2), that appellant compelled the complainant to submit or participate by threat that would prevent resistance by a woman in ordinary resolution—by the use of a gun and the threats it implied. Although having reviewed the entire record, including all testimony in the statement of facts, we would not have arrived at the view that the evidence merited assessment of a twenty year term, it is not our prerogative to revaluate this determination by the jury. As to the question before us on appeal, we cannot say that there was insufficient evidence to support the jury's verdict on guilt. The second ground of error is overruled and the judgment is affirmed.