Robert BAREHILL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00100–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1987.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Barbara D. Budros, Jay Karahan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

The jury convicted appellant of aggravated robbery and assessed his punishment at 10 years confinement and a fine of $2,000.

The robbery occurred just after noon on September 21, 1985, at a Kentucky Fried Chicken Restaurant in Houston. The manager of the restaurant, Mrs. Catherine Tezeno, testified that appellant and a male companion entered the restaurant with their right hands covered by brown bags. Appellant's companion jumped over the counter and made several statements indicating he had a gun. He said, "Don't nobody move. I don't want no excuse for.... I don't want no goddamn shit. Just give me the money. I don't want to have to shoot nobody." The complainant testified that she believed appellant had a gun in his hand, although she did not actually see it, and that she was afraid he was going to shoot her. She said appellant also said, "Don't make me shoot nobody." She said appellant held the gun in his right

hand in the bag, which was held closed by his left hand, for about 10 minutes while his companion was getting all the money. She said he aimed it directly at her, and there was no doubt in her mind that he had a gun in the bag. She said, "I believed he had the gun. He said it." When Mrs. Tezeno eased over to press an alarm, the appellant said "Get back. Don't make me kill you."

Another employee of the restaurant, Mrs. Evelyn McFairland, testified that she observed appellant with the paper bag over his hand, and that she guessed he had a gun, but she did not see it and did not really know for sure.

Appellant testified on his own behalf, denying the robbery and stating he did not own a gun at the time of the offense. He testified that he was left-handed, not right-handed, so that if he was using a gun he would use it with his left hand.

On rebuttal, the State re-called the restaurant manager, Mrs. Tezeno, who testified about an extraneous robbery that occurred on September 24, 1985, three days after the robbery for which appellant was convicted. Mrs. Tezeno testified that appellant again robbed her place of employment and used a gun that was in plain view. She said appellant walked in the restaurant, ordered two pieces of chicken and brisket (sic), but did not pay for them. Instead, he pulled out a gun and told another restaurant employee to give him the money. Appellant did not refute this testimony, except by his previous testimony denying that he was in the restaurant on the date of the second robbery.

The indictment alleged that appellant, while in the course of committing theft of property owned by the complainant, Catherine Tezeno, did "intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm."

In his first point of error, appellant contends that the evidence is insufficient to prove that he used or exhibited a deadly weapon in the commission of the offense.

 We overrule this point of error. The evidence shows that the complainant gave the money to appellant believing appellant's threat that he had a firearm. Where one causes another to believe he has a firearm and by his acts forces the victim to give him his property, a threat is proved. *See Rose v. State,* 672 S.W.2d 639 (Tex. App.—Fort Worth 1984, pet. ref'd). The use of a deadly weapon may be established even though the victim did not actually see the gun. *Woods v. State,* 653 S.W.2d 1 (Tex.Crim.App.1982) (op. on reh'g) (where defendant told the victim he had a gun, and defendant later fired shots at an off-duty police officer); *Benavidez v. State,* 670 S.W.2d 297 (Tex.App.—Amarillo 1983, no pet.) (where defendant poked something in victim's back that felt like a gun); *Miller v. State,* 629 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1982, no pet.) (where victim felt the gun in his back).

In the instant case, appellant caused the complainant and other employees in the restaurant to believe he had a firearm and used that threat to force them to give him money from the cash register. Taken together with the evidence that appellant used a gun three days later to rob the same store, there is sufficient evidence to find that appellant used a firearm in the robbery.

Appellant's first point of error is overruled.

In his second point of error, appellant contends that the jury charge given at the punishment phase of the trial pursuant to Tex.Code Crim.P. art. 37.07, sec. 4 (Vernon Supp.1987) (jury charge on the law with respect to parole) is unconstitutional in that it is in violation of the separation of powers provided by the Texas Constitution, article II, section 1.

At trial, appellant made no objection to the jury instruction with respect to parole. This Court has held that the constitutionality of art. 37.07, sec. 4, may not be raised on appeal unless the issue is first raised in the trial court. *Casares v. State,* 712 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1986, pet. granted); *see also Parker v. State,* 649 S.W.2d 46 (Tex.Crim.App.1983).

Even if appellant had objected at trial, his second and third points of error are without merit. In *Clark v. State,* 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, pet. granted), this Court held that the instruction was not an unconstitutional usurpation of executive power. In the instant case, the trial court's charge to the jury with respect to the law on parole tracked the statutory language of art. 37.-07, sec. 4.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.