Derrick Charles ARCENEAUX,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00714–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 2005.

Richard Edward "Dick" Wheelan, Houston, TX, for Appellant.

Shirley Cornelius, Assistant District Attorney–Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted appellant, Derrick Charles Arceneaux, of aggravated robbery, and the trial court assessed punishment at thirty-five years' confinement. On appeal, Arceneaux contends the evidence is legally and factually insufficient to support the aggravating element of the robbery—that he used or exhibited a firearm. We hold that sufficient evidence supports the conviction and therefore affirm.

### Facts

On April 21, 2003, shortly after 5:00 a.m., Antonio Garcia stopped at a doughnut shop to purchase doughnuts and coffee. Garcia planned to use a pay telephone in the parking lot, so he parked his car near it. As Garcia looked through his wallet for a telephone number, Arceneaux approached his car, reached in through the window, and removed the keys from the ignition.

Arceneaux then opened the car door and told Garcia that he was a narcotics police officer. He told Garcia that he had a gun, and ordered him to get out of the car: "Get out from the car. I got gun. I got pistol. Don't do nothing or I can use it

with you." Garcia quickly realized that Arceneaux was not a police officer. Arceneaux grabbed Garcia's wallet, looked through it, and stuffed it into his own pants. Arceneaux ordered Garcia to take off his socks and shoes to demonstrate that he did not have money or drugs hidden in them. Arceneaux then started looking through Garcia's car and asked Garcia if he had additional money with him. After Arceneaux finished his search of the car, he pushed Garcia to the ground and ordered him to remain there. Arceneaux then fled the scene with another male in a white Cadillac.

Throughout the robbery, Arceneaux only used one hand—he kept the other hand concealed beneath his shirt. Garcia believed Arceneaux's threat that he carried a pistol, though Garcia never saw a gun. Garcia testified that during the robbery he was scared for his life.

Garcia saw a portion of the Cadillac's license plate as it drove away. A customer in the doughnut shop obtained the entire license plate number. Later that day, the police located a white Cadillac with a matching license plate number. As the police towed the car, Arceneaux and another male appeared at the scene. Arceneaux claimed ownership of the car. He also provided the police officers with several false names. The police officer arrested Arceneaux, searched the car, and discovered Garcia's bankcard inside it. The police never found a firearm.

### Discussion

On appeal, Arceneaux contends the evidence is legally and factually insufficient to support his conviction of aggravated robbery.

*Standard of Review*

 We review the legal sufficiency of the evidence by viewing the evidence in

the light most favorable to the verdict and then determining whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Escamilla v. State,* 143 S.W.3d 814, 817 (Tex.Crim.App.2004), *cert. denied,* — U.S. ——, 125 S.Ct. 1697, 161 L.Ed.2d 528 (2005). In our review of the factual sufficiency of the evidence, we view the evidence in a neutral light, and we set aside the verdict only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Id.* (citing *Zuniga v. State,* 144 S.W.3d 477, 483 (Tex.Crim.App.2004)). In conducting a factual sufficiency review, we must "mention what the parties assert is the most important or most relevant evidence supporting a claim that the evidence is factually insufficient." *Sims v. State,* 99 S.W.3d 600, 601 (Tex.Crim.App.2003).

*Aggravated Robbery*

■■■ Here, a jury found Arceneaux guilty of aggravated robbery with a firearm. A person commits robbery if, in the course of theft, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death, with intent to obtain or maintain control of the property. TEX. PEN.CODE ANN. § 29.02(a)(2) (Vernon 2003). A robbery becomes an aggravated robbery if the actor "uses or exhibits a deadly weapon" during it. TEX. PEN.CODE ANN.

§ 29.03(a)(2) (Vernon 2003). Arceneaux contends the evidence is neither factually nor legally sufficient to support a finding that he used or exhibited a firearm during the robbery because Garcia did not see a gun and the police did not recover one.[1]

■■■ In relation to a deadly weapon, the term "use" means to employ, or to apply the deadly weapon to achieve an intended result. *Patterson v. State,* 769 S.W.2d 938, 940 (Tex.Crim.App.1989). A deadly weapon is exhibited when it is consciously shown, displayed or presented for view. *Id.* "[O]ne can 'use' a deadly weapon without exhibiting it, but it is doubtful one can exhibit a deadly weapon during the commission of a felony without using it." *Id.; see also McCain v. State,* 22 S.W.3d 497, 502 (Tex.Crim.App.2000) (concluding that same analysis is "indeed relevant to interpreting the aggravated robbery section.").

The Texas Court of Criminal Appeals has found that circumstantial evidence may be sufficient to support a finding that a defendant used a pistol during a robbery, even if the complainant never saw the pistol. *See Moore v. State,* 531 S.W.2d 140, 142 (Tex.Crim.App.1976).[2] In *Moore,* the issue was whether the State proffered sufficient evidence for the jury to find that the defendant used a pistol in robbing the complainant. The complainant did not see a pistol during the robbery, but he heard one of the defendants tell the other defendant to keep "his shit on him," and this

1. Arceneaux assumes that the State had to prove that he both used "and" exhibited a deadly weapon because the State alleged such in its indictment. Alleging in the conjunctive that a defendant used and exhibited a weapon does not require the State to prove that the defendant did both. *See Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App.1991) (holding that "although the indictment may allege *the differing methods* of committing the of-

fense in the conjunctive, it is proper for the jury to be charged in the disjunctive.").

2. *See also Taylor v. State,* 637 S.W.2d 929, n. 3 (Tex.Crim.App.1982) (stating that "*Moore* stands for the proposition that the victim need not actually see the deadly weapon, but only needs to be aware that one is being used.") (overruled on other grounds by *Garrett v. State,* 749 S.W.2d 784, 791 (Tex.Crim.App. 1986)).

slang was interpreted to refer to a pistol. *Id.* at 141. The complainant also heard what he thought was a revolver being cocked and a cylinder of a pistol rolling. *Id.* The police arrested the defendants, in the complainant's car, about thirty minutes later, but never found a gun. *Id.* The court held that the conversation between the two defendants and the sound of a pistol "gave rise to a reasonable inference that the robbery was committed with a pistol" and, although the evidence of a pistol being used was circumstantial, it was "more than sufficient to support the conviction." *Id.* at 142; *see also Woods v. State,* 653 S.W.2d 1,4 (Tex.Crim.App.1982) (holding circumstantial evidence sufficient to show robbery committed using and exhibiting pistol when complainant did not see gun but felt it poked into his side and defendant stated he had gun).

As in *Moore,* in this case, Garcia never viewed a gun, but Arceneaux continually kept one hand beneath his shirt and told Garcia that he "got pistol." Moreover, our Court upheld a deadly weapon finding under similar facts in *Barehill v. State,* 740 S.W.2d 572 (Tex.App.-Houston [1st Dist.] 1987, no pet.). In *Barehill,* the defendant and another male entered the restaurant with their right hands covered by brown bags. *Id.* at 573. The two men made several statements indicating that they had guns. *Id.* The complainant testified that she did not see a gun, but feared that the defendant would shoot her. *Id.* The defendant denied the robbery and testified that he did not own a gun. *Id.* A rebuttal witness testified that she saw the defendant three days later use a gun to commit an extraneous robbery. *Id.* We held that the evidence was sufficient to convict the defendant of aggravated robbery. *Id.* at 574; *see also Webber v. State,* 757 S.W.2d 51, 52 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd) (holding evidence sufficient to support deadly weapon finding when co-defendant put hand on something inside shirt and threatened to kill victim if he did not relinquish money from cash register).

Arceneaux contends that these cases are distinguishable because in each of them "there is some evidence besides the robber's claim to have a gun to establish the actual existence of the firearm ... [and] in the case at hand, no corroborating elements are present." He further contends that a defendant's statement that he has a gun is insufficient circumstantial evidence to support a finding that indeed he had one. Here, however, additional evidence corroborates Arceneaux's statement that he carried a gun. Specifically, Arceneaux kept his hand under his shirt throughout the robbery, as if to conceal a gun. This evidence, similar to a hand concealed in a paper bag, is corroborating evidence that Arceneaux used a gun. Arceneaux's statement and actions caused Garcia to believe that he carried a firearm. Arceneaux used that threat to force Garcia to get out of his car, surrender his wallet, take off his shoes and socks, and lie on the ground. We hold that this evidence, although circumstantial, is legally sufficient to support a finding that Arceneaux used a firearm during the robbery.

Arceneaux claims that the evidence is factually insufficient because circumstantial evidence indicates that he did not have a gun—Garcia did not see a gun during the robbery and the police did not find one thereafter. Arceneaux's own statements and actions, however, clearly indicate that he had a gun during the robbery. Moreover, Arceneaux had ample time to dispose of the gun after the robbery and before being arrested. Viewing the evidence in a neutral light, we hold that the evidence is not so weak that the verdict is clearly wrong and manifestly unjust and that this

circumstantial contrary evidence is not so strong that the standard of proof beyond a reasonable doubt could not have been met.

### Conclusion

We hold the evidence is legally and factually sufficient to support the conviction for aggravated robbery. We therefore affirm the judgment of the trial court.