Opinion issued July 21, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00714-CR




DERRICK CHARLES ARCENEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180 District Court
Harris County, Texas
Trial Court Cause No. 974150




O P I N I O N

          A jury convicted appellant, Derrick Charles Arceneaux, of aggravated robbery, 
and the trial court assessed punishment at thirty-five years’ confinement. On appeal,
Arceneaux contends the evidence is legally and factually insufficient to support the
aggravating element of the robbery—that he used or exhibited a firearm. We hold
that sufficient evidence supports the conviction and therefore affirm. 
Facts
          On April 21, 2003, shortly after 5:00 a.m., Antonio Garcia stopped at a 
doughnut shop to purchase doughnuts and coffee. Garcia planned to use a pay
telephone in the parking lot, so he parked his car near it. As Garcia looked through
his wallet for a telephone number, Arceneaux approached his car, reached in through
the window, and removed the keys from the ignition. 
          Arceneaux then opened the car door and told Garcia that he was a narcotics
police officer. He told Garcia that he had a gun, and ordered him to get out of the
car: “Get out from the car. I got gun. I got pistol. Don’t do nothing or I can use it
with you.” Garcia quickly realized that Arceneaux was not a police officer. 
Arceneaux grabbed Garcia’s wallet, looked through it, and stuffed it into his own
pants. Arceneaux ordered Garcia to take off his socks and shoes to demonstrate that
he did not have money or drugs hidden in them. Arceneaux then started looking
through Garcia’s car and asked Garcia if he had additional money with him. After
Arceneaux finished his search of the car, he pushed Garcia to the ground and ordered
him to remain there. Arceneaux then fled the scene with another male in a white
Cadillac.
           Throughout the robbery, Arceneaux only used one hand—he kept the other
hand concealed beneath his shirt. Garcia believed Arceneaux’s threat that he carried
a pistol, though Garcia never saw a gun. Garcia testified that during the robbery he
was scared for his life. 
          Garcia saw a portion of the Cadillac’s license plate as it drove away. A
customer in the doughnut shop obtained the entire license plate number. Later that
day, the police located a white Cadillac with a matching license plate number. As the
police towed the car, Arceneaux and another male appeared at the scene. Arceneaux
claimed ownership of the car. He also provided the police officers with several false
names. The police officer arrested Arceneaux, searched the car, and discovered
Garcia’s bankcard inside it. The police never found a firearm.Discussion
          On appeal, Arceneaux contends the evidence is legally and factually
insufficient to support his conviction of aggravated robbery. 
Standard of Review 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict and then determining whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004), cert. denied, __
U.S. __, 125 S. Ct. 1697 (2005). In our review of the factual sufficiency of the
evidence, we view the evidence in a neutral light, and we set aside the verdict only
if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met. Id. (citing Zuniga v. State, 144 S.W.3d 477, 483
(Tex. Crim. App. 2004)). In conducting a factual sufficiency review, we must
“mention what the parties assert is the most important or most relevant evidence
supporting a claim that the evidence is factually insufficient.” Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003). 
Aggravated Robbery 
            Here, a jury found Arceneaux guilty of aggravated robbery with a firearm. A
person commits robbery if, in the course of theft, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death, with intent to
obtain or maintain control of the property. Tex. Pen. Code Ann. § 29.02(a)(2)
(Vernon 2003). A robbery becomes an aggravated robbery if the actor “uses or
exhibits a deadly weapon” during it. Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon
2003). Arceneaux contends the evidence is neither factually nor legally sufficient to 
support a finding that he used or exhibited a firearm during the robbery because
Garcia did not see a gun and the police did not recover one.


 
          In relation to a deadly weapon, the term “use” means to employ, or to apply the
deadly weapon to achieve an intended result. Patterson v. State, 769 S.W.2d 938,
940 (Tex. Crim. App. 1989). A deadly weapon is exhibited when it is consciously
shown, displayed or presented for view. Id. “[O]ne can ‘use’ a deadly weapon
without exhibiting it, but it is doubtful one can exhibit a deadly weapon during the
commission of a felony without using it.” Id.; see also McCain v. State, 22 S.W.3d
497, 502 (Tex. Crim. App. 2000) (concluding that same analysis is “indeed relevant
to interpreting the aggravated robbery section.”).
          The Texas Court of Criminal Appeals has found that circumstantial evidence 
may be sufficient to support a finding that a defendant used a pistol during a robbery,
even if the complainant never saw the pistol. See Moore v. State, 531 S.W.2d 140,
142 (Tex. Crim. App. 1976).


 In Moore, the issue was whether the State proffered
sufficient evidence for the jury to find that the defendant used a pistol in robbing the
complainant. The complainant did not see a pistol during the robbery, but he heard
one of the defendants tell the other defendant to keep “his shit on him,” and this slang
was interpreted to refer to a pistol. Id. at 141. The complainant also heard what he
thought was a revolver being cocked and a cylinder of a pistol rolling. Id. The police
arrested the defendants, in the complainant’s car, about thirty minutes later, but never
found a gun. Id. The court held that the conversation between the two defendants
and the sound of a pistol “gave rise to a reasonable inference that the robbery was
committed with a pistol” and, although the evidence of a pistol being used was
circumstantial, it was “more than sufficient to support the conviction.” Id. at 142; see
also Woods v. State, 653 S.W.2d 1,4 (Tex. Crim. App. 1982) (holding circumstantial
evidence sufficient to show robbery committed using and exhibiting pistol when
complainant did not see gun but felt it poked into his side and defendant stated he had
gun). 
          As in Moore, in this case, Garcia never viewed a gun, but Arceneaux
continually kept one hand beneath his shirt and told Garcia that he “got pistol.” 
Moreover, our Court upheld a deadly weapon finding under similar facts in Barehill
v. State, 740 S.W.2d 572 (Tex. App.—Houston [1st Dist.] 1987, no pet.). In Barehill,
the defendant and another male entered the restaurant with their right hands covered
by brown bags. Id. at 573. The two men made several statements indicating that they
had guns. Id. The complainant testified that she did not see a gun, but feared that the
defendant would shoot her. Id. The defendant denied the robbery and testified that
he did not own a gun. Id. A rebuttal witness testified that she saw the defendant
three days later use a gun to commit an extraneous robbery. Id. We held that the
evidence was sufficient to convict the defendant of aggravated robbery. Id. at 574;
see also Webber v. State, 757 S.W.2d 51, 52 (Tex. App.—Houston [14th Dist.] 1988,
pet. ref’d) (holding evidence sufficient to support deadly weapon finding when co-defendant put hand on something inside shirt and threatened to kill victim if he did
not relinquish money from cash register).
          Arceneaux contends that these cases are distinguishable because in each of
them “there is some evidence besides the robber’s claim to have a gun to establish the
actual existence of the firearm . . . [and] in the case at hand, no corroborating
elements are present.” He further contends that a defendant’s statement that he has
a gun is insufficient circumstantial evidence to support a finding that indeed he had
one. Here, however, additional evidence corroborates Arceneaux’s statement that he
carried a gun. Specifically, Arceneaux kept his hand under his shirt throughout the
robbery, as if to conceal a gun. This evidence, similar to a hand concealed in a paper
bag, is corroborating evidence that Arceneaux used a gun. Arceneaux’s statement
and actions caused Garcia to believe that he carried a firearm. Arceneaux used that
threat to force Garcia to get out of his car, surrender his wallet, take off his shoes and
socks, and lie on the ground. We hold that this evidence, although circumstantial, is
legally sufficient to support a finding that Arceneaux used a firearm during the
robbery.
          Arceneaux claims that the evidence is factually insufficient because
circumstantial evidence indicates that he did not have a gun—Garcia did not see a
gun during the robbery and the police did not find one thereafter. Arceneaux’s own
statements and actions, however, clearly indicate that he had a gun during the
robbery. Moreover, Arceneaux had ample time to dispose of the gun after the robbery
and before being arrested. Viewing the evidence in a neutral light, we hold that the
evidence is not so weak that the verdict is clearly wrong and manifestly unjust and
that this circumstantial contrary evidence is not so strong that the standard of proof
beyond a reasonable doubt could not have been met. 
ConclusionWe hold the evidence is legally and factually sufficient to support the 

conviction for aggravated robbery. We therefore affirm the judgment of the trial
court. 
 

 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Publish. Tex. R. App. P. 47.2(b).