

# NUMBER 13-13-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH VADEN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

A jury convicted appellant Kenneth Vaden of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). After Vaden entered a plea of true to an enhancement paragraph, the jury assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By four issues,

Vaden contends that: (1) the evidence is insufficient to sustain his conviction for robbery; (2) the evidence is insufficient to sustain an enhancement from a second-degree felony to a habitual felony offender; (3) the State made an improper jury argument at the punishment hearing; and (4) counsel provided ineffective assistance. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

By his first issue, Vaden contends that the evidence is insufficient to sustain his robbery conviction.[1] He specifically challenges the sufficiency of the evidence to establish whether he committed theft of money through threats.

### A. Standard of Review and Applicable Law

In order to determine if the evidence is sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This "standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319).

A person commits robbery, an assaultive offense, if, "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: . . . (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a); *see Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013); *Jones v. State*, 323 S.W.3d 885, 889 (Tex.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Crim. App. 2010).   A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property."   TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013).   And when the defendant uses a weapon, it is sufficient for robbery by threat or fear to show that the defendant caused his victim to believe that he had a functional weapon.   *See Cranford v. State*, 377 S.W.2d 957, 959 (Tex. Crim. App. 1964); *Barehill v. State*, 740 S.W.2d 572, 574 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *Rose v. State*, 672 S.W.2d 639, 640 (Tex. App.—Fort Worth 1984, pet. ref'd).

## B.   Discussion

Vaden was charged with robbery.   The indictment specifically alleged that "while in the course of committing theft of property and with intent to obtain or maintain control of said property, [Vaden did] intentionally or knowingly threaten or place Kimberly Miller in fear of imminent bodily injury or death."   *See* TEX. PENAL CODE ANN. § 29.02(a).

Miller testified that Vaden approached her and ordered her to give him the phone that she was holding.   According to Miller, Vaden lifted up his shirt to reveal the butt of a gun sticking out of his pants.   To Miller, the gun looked like a stainless steel revolver. Vaden then demanded, "Give me the phone or I'm gonna shoot you with this pistol." Miller questioned Vaden, "So, you're telling me, if I don't give you this phone, you're gonna shoot me with that gun?"   Vaden replied, "Yes, Ma'am."   In response, Miller said, "[N]o, I'm not giving you my phone."   According to Miller, Vaden told her, "I'm a drug addict and I need cash now, give me the phone."   Miller responded, "[N]o," and "you're not getting my phone but I think I have some cash."   Vaden said that he wanted $200. Miller testified that she gave Vaden the money, jumped into her truck, and drove off as he was looking down at the money.   Miller testified that she was afraid, and she later told an

3

officer that she thought she was going to die.

Vaden also testified at trial. According to Vaden's testimony, he approached Miller, explained that he had not eaten for a while, and asked her for a couple of dollars. Miller told him he could not have her cell phone, to which he responded that he did not want it. Vaden testified that as he started to walk away, Miller reached into her back pocket, gave him some folded money, and said, "just go." Vaden walked away and saw that Miller had given him two $100 bills.

Vaden argues that the "sole issue in this case is whether he committed theft of money through threats or whether he received a gift of money from [Kimberly] Miller." Vaden claims that "the [S]tate had to prove that [he] had the means to create a threat or fear in Miller in order to control the money and failed to prove this when it could not forensically tie Vaden to the toy gun or the vehicle."

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Vaden intentionally or knowingly threatened Miller with a gun and that Miller thought the gun was functional and was in fear of imminent bodily injury or death. *See Jackson*, 443 U.S. at 319; *Cranford*, 377 S.W.2d at 959; *Barehill*, 740 S.W.2d at 574; *Rose*, 672 S.W.2d at 640; *see also* TEX. PENAL CODE ANN. § 29.02(a). And resolving any conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from the basic facts, the jury could have determined that Vaden intended to deprive Miller of money through this threat. *See Padilla*, 326 S.W.3d at 200; *see also* TEX. PENAL CODE ANN. §§ 29.02(a), 31.03(a).

Thus, we conclude that the evidence was sufficient to sustain Vaden's robbery conviction. We overrule the first issue.

4

## II. HABITUAL FELONY ENHANCEMENT

In his second issue, Vaden argues that he did not receive a valid sentence because (1) the evidence was not sufficient to sustain the enhancement from a second-degree felony to an habitual-felony offender; (2) his 1986 conviction for unauthorized use of a vehicle (UUV) could not be used for enhancement because that offense was downgraded to a state-jail felony in 1994; (3) his 1980 conviction for robbery could not be used for enhancement because it had been used to enhance his 1986 conviction; and (4) there was error in the punishment charge that caused egregious harm.

### A. Sufficiency of the Evidence

Vaden argues that the State failed to prove beyond a reasonable doubt that the two prior convictions, one in 1980 and one in 1989, were those of Vaden. Yet when a defendant pleads true to enhancement allegations, the State is relieved of its burden to prove them because a plea of true constitutes evidence and sufficient proof to support those allegations. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984); *Wise v. State*, 394 S.W.3d 594, 598 (Tex. App.—Dallas 2012, no pet.); *Torres v. State*, 391 S.W.3d 179, 184 (Tex. App.—Houston [1st Dist.] 2912, pet. ref'd); *see also Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (reciting the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the sufficiency of evidence to prove the prior conviction). At the beginning of the punishment phase of his trial, Vaden pleaded true to both enhancement allegations. His pleas of true constituted sufficient proof to support the allegations. *See Wilson*, 671 S.W.2d at 526; *Wise*, 394 S.W.3d at 598; *Torres*, 391 S.W.3d at 184; *see also Ex parte Rich*, 194 S.W.3d at 513.

5

This argument fails.

## B. Prior Convictions

### 1. The 1986 UUV Conviction

Vaden asserts that his 1986 conviction for unauthorized use of a vehicle (UUV) could not be used for enhancement purposes because that offense was downgraded to a state-jail felony in 1994. However, if a prior conviction was for a qualifying third-degree felony at the time the crime was committed, it may be used to enhance a subsequent offense, even if the prior criminal offense was later amended and reclassified such that it would presently be a non-qualifying state jail felony. *See State v. Wooldridge*, 237 S.W.3d 714, 716–17 (Tex. Crim. App. 2007) (citing *Castaneda v. State*, 135 S.W.3d 719, 724 (Tex. App.—Dallas 2003, no pet.)). Relevant to this case, the offense of unauthorized use of a vehicle was originally a third-degree felony, but was downgraded to a state-jail felony in 1994. *See* TEX. PENAL CODE ANN. § 31.07(b) (West 2011) (setting out in its historical note that the 1994 amendment substituted "a state jail felony" for "a felony of the third degree"). So at the time of Vaden's 1986 conviction, unauthorized use of a vehicle was still a third-degree felony, which the State could subsequently use for enhancement purposes. We are not persuaded by this argument.

### 2. The 1980 Robbery Conviction

Vaden also argues that his 1980 conviction for robbery could not have been used for enhancement because it had been used to enhance his 1986 conviction. Although the evidence establishes that Vaden's 1986 sentence was enhanced, it does not specify what prior conviction was used for enhancement. Nonetheless, even assuming that the 1980 robbery conviction was used to enhance the 1986 UUV sentence, the penal code

provides that "[t]he use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." TEX. PENAL CODE ANN. § 12.46 (West 2011). Specifically, the court of criminal appeals has approved such subsequent use with regard to a habitual offender. *See Haines v. State*, 623 S.W.2d 367, 369–70 (Tex. Crim. App. 1981) (en banc); *see also Barnes v. State*, 70 S.W.3d 294, 303 (Tex. App.—Fort Worth 2002, pet. ref'd) (approving such use in response to an *ex post facto* challenge). So this argument has no merit.

## C. Charge Error

Finally, Vaden contends that there was error in the punishment charge that caused egregious harm. He claims that paragraph 2 of the punishment charge failed to provide a complete instruction to the jury if it found that the State failed to prove the enhancements beyond a reasonable doubt.

In analyzing a jury charge issue, the first inquiry is whether error exists in the charge submitted to the jury. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc); *Cueva v. State*, 339 S.W.3d 839, 848 (Tex. App.—Corpus Christi 2011, pet. ref'd). If error is found, and if the defendant failed to object, as in this case, the reviewing court should only reverse if the record shows egregious harm, or harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *See Ngo*, 175 S.W.3d at 750 (citing *Almanza v. State*, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985) (op. on reh'g) (en banc)); *Cueva*, 339 S.W.3d at 848. To determine whether a defendant suffered egregious harm, the reviewing court should assess the degree of harm in light of (1) the entire jury charge, (2) the state of the evidence including contested issues, (3) the arguments of counsel, and (4) any other

relevant information in the record.   *See Gelinas v. State*, 398 S.W.3d 703, 705–06 (Tex. Crim. App. 2013) (citing *Almanza*, 686 S.W.2d at 171); *Cueva*, 339 S.W.3d at 848.

In this case, the court's punishment charge began with the following:   "You have found the Defendant, Kenneth Vaden, guilty of Count 1:   Robbery, a felony of the Second Degree.   In addition[,] the indictment alleges for enhancement purposes that the defendant has previously been convicted of two felonies, . . . .   To these allegations the Defendant has plead[ed] true."   The court's instructions followed.

In paragraph 1, the court instructed that,

> if you find beyond a reasonable doubt that the allegations of the enhancement paragraph above is [sic] "TRUE," you will assess the punishment if it be shown on the trial on any felony that the Defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred after the first previous conviction of the felony on trial he shall be punished by confinement in the institutional Division of the Texas Department of Criminal Justice for Life, or for any term of not more than 99 years or less than 25 years.

Paragraph 2 of the court's instructions read, "If you find the allegations of the above enhancement paragraph is [sic] 'NOT TRUE,' or if you have a reasonable doubt thereof, you will assess the punishment of the Defendant at confinement in the Texas Department of Criminal Justice."   This paragraph appears to be incomplete because it does not specifically set out a term of confinement or amount of fine if the jury finds allegations of the enhancement paragraph to be "not true."   Yet the court continued its instruction in paragraph 3 setting out the term of punishment for a second-degree felony as follows:

> An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not less than 2 years or not more than 20 years.   In addition to imprisonment, an individual adjudged

8

guilt of a felony of the first degree may be punished by a fine not to exceed $10,000.00.

When read as a whole, the charge informed the jury that Vaden had been convicted of a second-degree felony. It also fully instructed the jury on the range of punishment for a second-degree felony, which would have been applicable had the jury found the allegations in the enhancement paragraph "not true." The charge also instructed the jury on the range of punishment to assess if it found that the allegations in the enhancement paragraph were true. We cannot conclude that error existed in the charge submitted to the jury—that the punishment charge failed to provide a complete instruction to the jury if it found that the State failed to prove the enhancements beyond a reasonable doubt. *See Ngo*, 175 S.W.3d at 743. Nonetheless, even assuming error, we cannot conclude that the error caused egregious harm. *See id.* Considering the entire charge and Vaden's pleas of true to the enhancements, we conclude that Vaden was subject to punishment under the range set out in paragraph 1, the punishment range considered by the jury in assessing forty years' imprisonment. *See Gelinas*, 398 S.W.3d at 705–06; *Cueva*, 339 S.W.3d at 848. We are not persuaded by Vaden's charge-error argument.

**D. Summary**

Because Vaden's arguments in support of this issue have no merit, we overrule his second issue.

### III. IMPROPER JURY ARGUMENT

By his third issue, Vaden contends that the State committed reversible error when the prosecutor argued during closing at the punishment hearing that, if the jury imposed

the minimum sentence of twenty-five years, Vaden would be eligible for parole in twelve and one-half years. However, failure to object to jury argument at trial forfeits the right to raise the issue on appeal. TEX. R. APP. P. 33.1; *Threadgill v. State*, 146 S.W.3d 654, 667, 670 (Tex. Crim. App. 2004) (en banc); *Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc); *see also Helleson v. State*, 5 S.W.3d 393, 398 (Tex. App.—Fort Worth 1999, pet. ref'd) (waiving the right to challenge the prosecutor's argument about parole law on appeal when the defendant failed to object in the trial court). Because Vaden's trial counsel did not object to the prosecutor's argument concerning parole eligibility, he waived error. *See* TEX. R. APP. P. 33.1; *Threadgill*, 146 S.W.3d at 667, 670. We overrule Vaden's third issue.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

A claim that trial counsel was ineffective is generally analyzed under the familiar standard set forth in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). To obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* The court of criminal appeals has recently explained this standard as follows:

> For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. An ineffective-assistance claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This statement is true with regard to the deficient performance prong of the

inquiry, when counsel's reasons for failing to do something do not appear in the record. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (citations omitted).

Vaden urges this Court to apply the standard used in *Ex parte Duffy*, which does not require that the defendant show that he suffered prejudice by trial counsel's representation at the punishment phase of trial. *See* 607 S.W.2d 507, 516 (Tex. Crim. App. 1980) (en banc). However, the court of criminal appeals has expressly overruled *Duffy* on this matter, as conflicting with federal constitutional law. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (en banc) ("[W]e perceive no valid reason why [the prejudice prong of] *Strickland* cannot apply, or why a different rule should apply, to noncapital sentencing proceedings."). So our analysis of Vaden's ineffective-assistance claim includes *Strickland*'s deficiency and prejudice prongs. *See Menefield*, 363 S.W.3d at 592–93; *see also Strickland*, 466 U.S. at 687.

Vaden generally complains of the following: (1) counsel conducted only a cursory voir dire and failed to ask questions of venirepersons number fifteen, twenty-four, twenty-five, and twenty-nine, who had been affected by theft, burglary, and robbery; (2) counsel failed to object to the court's statement that Vaden had the right not to testify against himself instead of merely stating that Vaden had the right to not testify; (3) counsel failed to object to the parole argument by the State; and (4) counsel failed to seek out, interview, or identify potential witnesses who could serve to disprove any evidence of guilt and failed to call any mitigating witness during the punishment phase of trial. Citing

11

*Brooks v. Texas*, Vaden argues that counsel's conduct or failure to act "is to be ineffective, if not incompetent, where the consequences [are] that the only viable defense available to the accused is not advanced." *See* 381 F.2d 619, 625 (5th Cir. 1967).

We conclude that Vaden has not met his burden under *Strickland*. The present record is insufficiently developed to show (1) that trial counsel did not make all of the complained-of actions in accordance with a reasonable trial strategy, or (2) that witnesses were even available to testify on Vaden's behalf. Counsel's reasons for failing to act in this regard do not appear in the record, and we cannot conclude that the challenged conduct was so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593. Vaden has not demonstrated deficient performance by counsel. *See id; see also Strickland*, 466 U.S. at 687. And Vaden has not established that he has suffered prejudice because of counsel's actions or failure to act. *See Menefield*, 363 S.W.3d at 592; *see also Strickland,* 466 U.S. at 687. We overrule Vaden's fourth issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 19th
day of December, 2013.