**Affirmed and Memorandum Opinion filed August 12, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00975-CR

### ARTHUR XAVIER GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCR-077068**

## MEMORANDUM OPINION

In a single issue, appellant Arthur Xavier Garcia challenges his conviction for aggravated assault because he argues that the evidence was insufficient to prove beyond a reasonable doubt he used or exhibited a deadly weapon during the commission of an assault. We affirm.

### I. BACKGROUND

In March 2017, appellant took his young child to see a movie in a theater in

Stafford, Texas. He left his child alone in the movie theater to purchase an alcoholic beverage in the lobby. When theater employees refused to serve appellant because they believed him to be intoxicated, he became belligerent. Theater manager Alwyn Edwards began speaking with appellant to deescalate the situation. However, appellant only became more aggressive, and Edwards asked appellant to leave the premises. When another manager called the police, appellant returned to the theater to retrieve his young child. Edwards followed him because he was concerned about appellant's behavior. As they neared the theater where appellant's child was seated, appellant turned around and threatened, "you better back up or I'll stab you" and then "jerked" a knife toward Edwards. Appellant was in Edwards' face at the time. Though he never saw the knife, Edwards testified he felt "the tip of the blade" of a knife against his stomach. Edwards stepped back and appellant went into the theater and retrieved his young son. As he walked into the theater, appellant told Edwards he had a gun and was going to "shoot the place up." The police arrived moments later as appellant was exiting the theater with his son. The police found a folding pocketknife in appellant's back pocket, though no gun was found on his person.

Appellant was charged with the second-degree felony of aggravated assault, and pleaded not guilty. Tex. Penal Code Ann. § 22.02(a)(2), (b). After a jury trial, the jury assessed appellant's punishment at imprisonment for five years. Tex. Penal Code Ann. § 12.33(a).

## II.    ANALYSIS

Appellant contends that the evidence presented by the State was insufficient to support his conviction. Because none of the witnesses saw appellant use or exhibit a knife, he contends "[i]t is arguable from complainant's testimony there was no knife ever used or exhibited." The State, relying on Edwards's testimony,

2

argues in response that there was legally-sufficient evidence to support the jury's finding that appellant was guilty of aggravated assault with a deadly weapon.

## A.    Standard of review

When determining if evidence is sufficient to sustain a conviction, we apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This standard requires the appellate court to determine whether, considering all the evidence in the light most favorable to the verdict and reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks*, 323 S.W.3d at 899. In doing so, we defer to the fact finder's credibility and weight determinations, because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

The essential elements of an offense are determined by state law. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge reflects the governing law, the charging instrument, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id*.

## B. Application of law to facts

We must decide whether the jury could have found beyond a reasonable doubt that appellant committed aggravated assault. A person commits the offense of assault if he:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Penal Code Ann. § 22.01(a). The assault becomes aggravated when the person causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. Tex. Penal Code Ann. § 22.02(a). A deadly weapon is defined as:

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
>
> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex. Penal Code Ann. § 1.07(a)(17). A knife is not a deadly weapon per se, but the State may "prove a particular knife to be a deadly weapon by showing its size, shape, and sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury." *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983).

The hypothetically correct jury charge in this case required the jury to find that (1) appellant committed an assault and (2) appellant used or exhibited a deadly weapon during the commission of the assault. It is the second element of the offense that is in contention on appeal—the requirement that appellant used or

exhibited a deadly weapon in the commission of the assault. Because no witness saw appellant use or exhibit a knife, he contends that the State did not meet its burden of proving beyond a reasonable doubt that a knife was used or exhibited.

The fact that no witness, including Edwards, saw the knife in appellant's hands is not determinative. There was circumstantial evidence at trial supporting the finding that appellant used or exhibited a knife. *See Moore v. State*, 531 S.W.2d 140, 142 (Tex. Crim. App. 1976) (holding that circumstantial evidence was sufficient to prove that pistol was used in aggravated robbery even though victim never saw pistol); *Hernandez v. State*, 501 S.W.3d 264, 268 (Tex. App.—Fort Worth 2016, pet. ref'd) (holding circumstantial evidence was sufficient when witness testified she did not see knife, only something shiny, and knife was found in defendant's car shortly after he was pulled out of it); *Regan v. State*, 7 S.W.3d 813, 819–820 (Tex. App.——Houston [14th Dist.] 1999, pet. ref'd) (holding legally-sufficient evidence supported defendant's conviction even when complainant did not see weapon, weapon was unidentified, and complainant received no scratches); *see generally Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ("Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.").

Here, Edwards testified that as he followed appellant to the theater in which appellant's son was seated, appellant pulled a knife on him. He testified that appellant told him "you better back up or I'll stab you" and then "jerked" the knife toward him twice. Though Edwards never saw the knife during the confrontation, he believed appellant was about to stab him. He also testified that he felt the tip of the knife against his stomach. After Edwards took a step back, appellant walked into the theater unaccompanied to get his son. Edwards's testimony that appellant

5

pulled a knife on him was challenged on cross-examination, and the jury was entitled to make credibility determinations and resolve any conflicts in the evidence. *See Williams v. State*, 301 S.W.3d 675, 684 (Tex. Crim. App. 2009). At the time, the other theater manager was behind Edwards on the telephone with the police dispatch and did not see appellant use or exhibit the knife.

The jury also heard from Officer Brasuell, one of the officers responding to the scene. He testified that he performed a pat-down search of appellant. A "flip-open pocket knife" was found in appellant's pocket. Officer Brasuell testified that based on his experience the knife he found on appellant was a deadly weapon, capable of inflicting serious bodily injury. The jury was shown the knife found in appellant's pocket.

Appellant further argues the evidence is insufficient because there was no testimony explaining how the knife was placed back in his pocket.[1] Though appellant's arguments are not clear in this regard; Edwards testified that after appellant pulled a knife on him, he stepped back and appellant went into the theater alone. Though the police arrived very shortly thereafter, there was a time period in which appellant was unaccompanied. The jury could have determined that appellant closed his knife and placed it in his pocket after he entered the theater to retrieve his son.

After viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found the essential elements of the crime beyond a reasonable doubt, namely that appellant used or exhibited a deadly

---

[1] Appellant's brief states that there was no testimony of how "the pocket knife if used or exhibited was placed back in complainant's pocket." However, the testimony at trial established the knife was found in appellant's pocket, not the complainant's (Edwards's) pocket. Therefore, we will read appellant's argument to assert there was no testimony explaining how the pocketknife was placed back in appellant's pocket.

6

weapon in the commission of an assault. Therefore, we hold that legally-sufficient evidence supports appellant's conviction for aggravated assault. We overrule appellant's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish —Tex. R. App. P. 47.2(b).