**Heath Matthew HERRING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–03–00207–CR.**

Court of Appeals of Texas,
Waco.

Feb. 23, 2005.

---

Stephen Taylor, Humble, for appellant.

Ray Montgomery, Leon County Dist. Atty., Whitney T. Smith, Leon County Asst. Dist. Atty., Centerville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

In a bench trial, the court convicted Heath Matthew Herring of aggravated robbery. Herring pleaded true to an enhancement allegation, and the court sentenced him to sixteen years' imprisonment. Herring contends in two issues that (1) he received ineffective assistance of counsel at trial and (2) the evidence is legally insufficient to prove that he used a knife during the course of the robbery. Because we find that the evidence is legally insufficient to prove that Herring used a knife during the course of the robbery, we will modify the judgment to reflect a conviction for the lesser-included offense of robbery and remand this cause to the trial court for a new punishment hearing.

In Herring's first issue, he cites numerous [1] acts and omissions of counsel which he contends demonstrate that he received ineffective assistance of counsel. However, the record before us is not adequately developed to reflect the reasons for counsel's acts and omissions. Counsel has not had an opportunity to explain his acts and omissions. Thus, we cannot say that Herring has established that his trial counsel's performance fell below an objective standard of reasonableness. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003). Accordingly, we overrule his first issue.

Herring contends in his second issue that the evidence is legally insufficient to prove that he used or exhibited a knife during the course of the robbery.

We measure the sufficiency of the evidence in a bench trial against a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim. App.1997); *Campbell v. State*, 139 S.W.3d 676, 683 (Tex.App.-Amarillo 2003, pet. ref'd). Among other requisites, "[a] hypothetically correct charge has its basis in the indictment allegations." *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex.Crim.App. 2001). Therefore, if the indictment alleges as an element of the offense that the accused "us[ed] and threaten[ed] to use deadly force namely, a firearm," a hypothetically correct jury charge will require the jury to so find. *See Curry v. State*, 30 S.W.3d 394, 405 (Tex.Crim.App.2000) (cited with approval by *Gollihar*, 46 S.W.3d at 254–56).

Our beginning point, then, is the indictment. Here, the indictment alleges that Herring committed the offense of robbery and that during the course of the robbery he "use[d] and exhibit[ed] a deadly weapon, namely a knife." However, when the State read the indictment at the commencement of trial, the prosecutor read this allegation to be that during the course of the robbery Herring "us[ed] deadly weapons, namely, a knife and a large stick."

Any amendments to an indictment must be in writing. *See Riney v. State*, 28 S.W.3d 561, 564–66 (Tex.Crim.App.2000); *Aguilera v. State*, 75 S.W.3d 60, 63–64 (Tex.App.-San Antonio 2002, pet. ref'd). Therefore, the prosecutor's misreading of the indictment did not effectively amend the indictment. Accordingly, a hypothetically correct jury charge in Herring's case would require a jury to find that Herring used or exhibited a knife during the course of the robbery.

The State relies on the following testimony to establish that Herring used or exhibited a knife:

DIRECT EXAMINATION:

Q: Okay. Did he have a weapon with him?

A: He said he had a knife and I never seen the knife but I was pretty sure he had one.

Q: So you believed he had a knife?

A: Yes, sir.

Q: What was he going to do with that knife?

---

1. Specifically, Herring complains that counsel filed no pretrial motions, obtained no subpoenas, failed to object to the State's "re-indictment," failed to object to the State's reading of a deadly weapon allegation (use of a "large stick") not actually included in the indictment, elicited testimony that Herring threatened the complainant with a knife, failed to cross-examine a witness, failed to move for an instructed verdict, failed to have Herring testify in his own defense, failed to present argument during the guilt-innocence phase, failed to present punishment evidence, and made only a brief argument during the punishment phase.

A: He said he was going to kill me if I didn't give him my money.

Q: Did you believe he was going to kill you?

A: Yes, sir.

CROSS–EXAMINATION:

Q: But you never saw a knife?

A: No, sir.

Q: And you were not cut or stabbed with any kind of a sharp instrument, were you?

A: No, sir.

The complainant never saw a knife in Herring's possession. He did not testify that Herring held a sharp instrument to his neck or back. *Cf. Regan v. State,* 7 S.W.3d 813, 819–20 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Because the complainant did not see or feel a knife, the evidence is legally insufficient to prove that Herring used or exhibited a knife during the commission of the robbery. *Cf. McCain v. State,* 22 S.W.3d 497, 503 (Tex. Crim.App.2000) ("Had the knife been completely concealed by appellant's clothing, additional facts would have been needed to establish that the butcher knife was used."); *McGowan v. State,* 664 S.W.2d 355, 357–58 (Tex.Crim.App.1984) (evidence legally insufficient to prove robbery by threat where complainant "never saw appellant holding a knife nor did she testify that appellant threatened her with a knife").

Because this was a bench trial, we reverse the judgment of conviction for aggravated robbery and render a judgment of conviction for the lesser-included offense of robbery. *See Brown v. State,* 35 S.W.3d 183, 190 (Tex.App.-Waco 2000), *rev'd on other grounds,* 89 S.W.3d 630 (Tex.Crim.App.2002); *Watson v. State,* 923 S.W.2d 829, 832–33 (Tex.App.-Austin 1996, pet. ref'd); *accord Collier v. State,* 999 S.W.2d 779, 784 (Tex.Crim.App.1999)

(Keasler, J., concurring). We reverse that portion of the judgment assessing punishment and remand this cause to the trial court for a new punishment hearing. *See Hart v. State,* 89 S.W.3d 61, 66 (Tex.Crim. App.2002); *Brown,* 35 S.W.3d at 190; *see also* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2004–2005).

Chief Justice GRAY dissenting with the following note: "I would affirm the judgment of conviction. A separate dissenting opinion will not be issued."