Heath Matthew HERRING, Appellant

v.

The STATE of Texas.

No. PD–0476–05.

Court of Criminal Appeals of Texas.

Sept. 27, 2006.

Stephen Christopher Taylor Humble, for Appellant.

Matthew Paul, State Prosecuting Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court in which KELLER, PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

While committing theft, Herring told Michael Jones that he had a knife and was going to take his money or kill him. Jones never saw the knife but "was pretty sure he had one." The Court of Appeals, with Chief Justice Gray dissenting, held that Herring's admission that he had a knife and his threat to kill the victim were legally insufficient to prove that he used or exhibited a deadly weapon.[1] We disagree and reverse the Court's judgment.

## FACTS

After work on a Saturday in December, 2002, Michael Jones cashed his paycheck at the Jewett Liquor Store in Buffalo, Texas—the city of his residence. Early that evening, Herring kicked in Jones's front door and accosted him in his bedroom. Although he did not know him personally, Jones recognized him as being in the liquor store when Jones had cashed his paycheck that day, as well as from having seen him there several times before.

Herring said, "I come to take your money ... and you're going to give it to me."

When Jones refused to give up his money, a struggle ensued. Herring overpowered Jones, held him face down on his bed, and tied him up. While face down, Jones was unable to see Herring.

While he was on the witness stand, the following exchange took place between Jones and the prosecutor:

Q Okay. Did he have a weapon with him?

A He said he had a knife and I never seen the knife but I was pretty sure he had one.

Q So you believed he had a knife?

A Yes, sir.

Q What was he going to do with that knife?

A He said he was going to kill me if I didn't give him my money.

Q Did you believe he was going to kill you?

A Yes, sir.

Herring took Jones's wallet out of his pocket, took over seven hundred dollars from it, and left.

The Buffalo police later arrested Herring for the offense, and he signed a confession admitting the robbery but not mentioning the knife.

## PROCEDURAL HISTORY

Herring waived a jury and requested a bench trial. The State called Jones, the arresting officer, and the investigating officers, and then rested. Herring called no witnesses and did not testify. The judge found Herring guilty of aggravated robbery, and after Herring entered a plea of

---

1. *Herring v. State,* 160 S.W.3d 618, 621 (Tex. App.Waco 2005).

true to the enhancement paragraph contained in the indictment, sentenced him to a sixteen-year prison term.

The Tenth Court of Appeals reversed Herring's conviction and rendered a judgment of conviction for the lesser-included offense of robbery, remanding the case for a new punishment hearing.[2] In its majority opinion, the Court said that "[b]ecause the complainant did not see or feel a knife, the evidence is legally insufficient to prove that Herring used or exhibited a deadly weapon."[3] We granted the State's petition for discretionary review.

### ANALYSIS

The only issue before us is whether or not Herring used or exhibited the knife in question. Whether it was in fact a deadly weapon is an issue that was not raised before, or decided by, the Court of Appeals. The undisputed testimony at trial was that Herring threatened to kill Jones, and we have said that "objects used to threaten deadly force are in fact deadly weapons."[4]

Herring's statement that he had a knife and his threat to kill Jones qualify as admissions under the Texas Rules of Evidence, Section 801(e)(2). As such, they are not hearsay and are admissible as substantive evidence. Therefore, they qualify as evidence which, if believed by the trier of fact, in this case the judge, would support a finding that Herring did indeed possess a knife and did in fact threaten to kill Jones.

So does Herring's possession of the knife constitute "use" of the weapon as defined in Section 29.02(a)(2) of the Penal Code? We have said that "*any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony" constitutes use.[5] So again, Herring's admission that he possessed the knife, coupled with his threat to kill and his taking of the money, is legally sufficient evidence of use.

### CONCLUSION

The Court of Appeals' holding that unless a complainant sees or feels the deadly weapon in question, an admission of possession and a threat to kill are legally insufficient to establish use of a deadly weapon is not supported by our case law. Its judgment reversing the trial court's conviction and sentence for aggravated robbery is therefore reversed, and the trial court's judgment is reinstated.

MEYERS, J., filed a dissenting opinion.

JOHNSON, J., dissents without opinion.

MEYERS, J., filed a dissenting opinion.

While I don't disagree that the victim's testimony that Appellant said he had a knife is admissible and is *some* evidence that he possessed a weapon, I disagree that the statement is *conclusive* evidence that the judge could find beyond a reasonable doubt that Appellant used or exhibited a deadly weapon.[1] If a felon said that he carried a gun but no one saw it, would that be conclusive evidence to convict him

**2.** *Id.*

**3.** *Id.*

**4.** *McCain v. State,* 22 S.W.3d 497, 503 (Tex. Crim.App.2000).

**5.** *Patterson v. State,* 769 S.W.2d 938, 941 (Tex. Crim.App.1989) (quoting *Patterson v. State,*

723 S.W.2d 308, 315 (Tex.App.-Austin 1987) (original emphasis)); *see also Coleman v. State,* 145 S.W.3d 649, 652 (Tex.Crim.App. 2004).

**1.** It seems to me that if Appellant had a knife then he would have shown it during the scuffle with the victim.

for unlawful possession of a firearm? If someone said they had some marijuana, would that be sufficient to convict him of possession of marijuana? Probably not.

I agree with the court of appeals that Appellant's statement to the victim that he had a knife is legally insufficient to prove that he used or exhibited a deadly weapon and I would affirm the judgment of conviction for the lesser-included offense of robbery. Therefore, I respectfully dissent.