IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0476-05






HEATH MATTHEW HERRING, Appellant


 

v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


LEON COUNTY




 

 Keasler, J., delivered the opinion of the Court in which Keller, Price,
Womack, Hervey, Holcomb, and Cochran, JJ., joined. Meyers, J., filed a dissenting
opinion. Johnson, J., dissents without opinion. 




O P I N I O N 


 

 While committing theft, Herring told Michael Jones that he had a knife and was going
to take his money or kill him. Jones never saw the knife but "was pretty sure he had one." 
The Court of Appeals, with Chief Justice Gray dissenting, held that Herring's admission that
he had a knife and his threat to kill the victim were legally insufficient to prove that he used
or exhibited a deadly weapon. (1) We disagree and reverse the Court's judgment.


FACTS

 After work on a Saturday in December, 2002, Michael Jones cashed his paycheck at
the Jewett Liquor Store in Buffalo, Texas--the city of his residence. Early that evening,
Herring kicked in Jones's front door and accosted him in his bedroom. Although he did not
know him personally, Jones recognized him as being in the liquor store when Jones had
cashed his paycheck that day, as well as from having seen him there several times before.

 Herring said, "I come to take your money . . . and you're going to give it to me."

 When Jones refused to give up his money, a struggle ensued. Herring overpowered
Jones, held him face down on his bed, and tied him up. While face down, Jones was unable
to see Herring.

 While he was on the witness stand, the following exchange took place between Jones
and the prosecutor:

 Q Okay. Did he have a weapon with him?

 A He said he had a knife and I never seen the knife but I was pretty sure he
had one.

 Q So you believed he had a knife?

 A Yes, sir.

 Q What was he going to do with that knife?

 A He said he was going to kill me if I didn't give him my money.

 Q Did you believe he was going to kill you?

 A Yes, sir.

 Herring took Jones's wallet out of his pocket, took over seven hundred dollars from
it, and left.

 The Buffalo police later arrested Herring for the offense, and he signed a confession
admitting the robbery but not mentioning the knife.

PROCEDURAL HISTORY

 Herring waived a jury and requested a bench trial. The State called Jones, the
arresting officer, and the investigating officers, and then rested. Herring called no witnesses
and did not testify. The judge found Herring guilty of aggravated robbery, and after Herring
entered a plea of true to the enhancement paragraph contained in the indictment, sentenced
him to a sixteen-year prison term.

 The Tenth Court of Appeals reversed Herring's conviction and rendered a judgment
of conviction for the lesser-included offense of robbery, remanding the case for a new
punishment hearing. (2) In its majority opinion, the Court said that "[b]ecause the complainant
did not see or feel a knife, the evidence is legally insufficient to prove that Herring used or
exhibited a deadly weapon." (3) We granted the State's petition for discretionary review.

ANALYSIS

 The only issue before us is whether or not Herring used or exhibited the knife in
question. Whether it was in fact a deadly weapon is an issue that was not raised before, or
decided by, the Court of Appeals. The undisputed testimony at trial was that Herring
threatened to kill Jones, and we have said that "objects used to threaten deadly force are in
fact deadly weapons." (4)

 Herring's statement that he had a knife and his threat to kill Jones qualify as
admissions under the Texas Rules of Evidence, Section 801(e)(2). As such, they are not
hearsay and are admissible as substantive evidence. Therefore, they qualify as evidence
which, if believed by the trier of fact, in this case the judge, would support a finding that
Herring did indeed possess a knife and did in fact threaten to kill Jones.

 So does Herring's possession of the knife constitute "use" of the weapon as defined
in Section 29.02(a)(2) of the Penal Code? We have said that "any employment of a deadly
weapon, even its simple possession, if such possession facilitates the associated
felony"constitutes use. (5) So again, Herring's admission that he possessed the knife, coupled
with his threat to kill and his taking of the money, is legally sufficient evidence of use.

CONCLUSION

 The Court of Appeals' holding that unless a complainant sees or feels the deadly
weapon in question, an admission of possession and a threat to kill are legally insufficient to
establish use of a deadly weapon is not supported by our case law. Its judgment reversing the
trial court's conviction and sentence for aggravated robbery is therefore reversed, and the trial
court's judgment is reinstated.


DATE DELIVERED: September 27, 2006.

PUBLISH 

 

 

1. Herring v. State, 160 S.W.3d 618, 621 (Tex. App.- Waco 2005).
2. Id.
3. Id. 
4. McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).
5. Patterson v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) (quoting
Patterson v. State, 723 S.W.2d 308, 315 (Tex. App. - Austin 1987) (original emphasis);
see also Coleman v. State, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004).