

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00080-CR

**GARY MONTGOMERY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 05-03937-CRF-361

## MEMORANDUM OPINION

Gary Montgomery was convicted of two counts of aggravated sexual assault. He used a knife to force his former girlfriend to have sex with him. He was sentenced to 25 years in prison on both counts. Because the evidence was legally and factually sufficient to prove the knife used was a deadly weapon, and because the jury charge was not defective, we affirm the trial court's judgment.

### SUFFICIENCY OF THE EVIDENCE

Montgomery first asserts that the evidence was both legally and factually insufficient to support the conviction because there was "no evidence that the knife

allegedly used was a deadly weapon."

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The factual sufficiency of the evidence standard of review was recently restated by the Court of Criminal Appeals:

> In a factual-sufficiency review, the evidence is reviewed in a neutral light. Only one question is to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. "[A]n appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the . . . evidence contradicts the jury's verdict before it is justified in exercising its appellate fact jurisdiction to order a new trial." A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." Although an appellate court has the ability to second-guess the jury to a limited degree, the factual-sufficiency review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur. (internal citations omitted).

*Grotti v. State*, No. PD-134-07, 2008 Tex. Crim. App. LEXIS 761, 22-24 (Tex. Crim. App.

June 25, 2008). *Malik's* rule of measuring evidentiary sufficiency "by the elements of the offense as defined by a hypothetically correct jury charge" also applies when the evidence is reviewed for factual sufficiency. *Wooley v. State*, No. PD-0861-072008, Tex. Crim. App. LEXIS 762 (Tex. Crim. App. June 25, 2008).

A knife is not a deadly weapon per se. *Lafleur v. State*, 106 S.W.3d 91, 95 (Tex. Crim. App. 2003). However, an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); TEX. PENAL CODE ANN. § 1.07 (a)(17)(B) (Vernon Supp. 2007). Objects used to threaten deadly force are deadly weapons. *Herring v. State*, 202 S.W.3d 764, 766 (Tex. Crim. App. 2006); *McCain*, 22 S.W.3d at 503. The State need only show that the weapon used was capable of causing serious bodily injury or death in its use or intended use. *Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002).

Although Montgomery denied having a knife, the victim testified that the knife Montgomery used was a small, black handled, kitchen knife. A photograph of the knife and the knife, itself, were introduced into evidence. The first time the victim saw the knife was when Montgomery cut the telephone cords just before the assault. Montgomery told the victim that he cut the cords so that she could not call for help. At that point, the victim thought she was going to die.

Montgomery ordered the victim to take her clothes off. He hit her. He told her that if she shouted loud enough for her children to hear her in the other room, he would go ahead and kill her. She was very afraid that he might kill her. She tried to evade

him and dodge the knife because he was trying to jab it at her and was trying to cut her. He put the knife to the back of her neck and forced her to perform oral sex on him. A short time later, he made her lie on the bed, put the knife to her, and made her turn over on her stomach. He then had intercourse with her. Prior to that, he tried to stab her vagina. Montgomery also made the victim hold the knife while his hands were on top of hers to try to make her cut herself. The victim reiterated that she was afraid because Montgomery told her he was going to kill her. He threatened he would send her back to her husband in pieces.

Reviewing the evidence under the appropriate standards, we find the evidence both legally and factually sufficient to prove that the knife was capable of causing serious bodily injury or death in its use or intended use, and therefore, was a deadly weapon. Montgomery's first two issues are overruled.

### JURY CHARGE

In his third issue, Montgomery contends that because there was no application paragraph in the charge to the jury as to the charge of aggravated sexual assault, he was denied a fair and impartial trial. Specifically he complains that the charge left the jury without any instructions as to how to find him guilty of aggravated sexual assault.

Montgomery focuses solely on whether the "error" caused him egregious harm. But our first inquiry is whether there is error in the jury charge. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985). When we review a charge for alleged error, we must examine the charge as a whole instead of a series of isolated and unrelated statements. *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995).

The function of the jury charge is to instruct the jury on the law applicable to the case. *Id*. Because the charge is the instrument by which the jury convicts, the charge must contain an accurate statement of the law and must set out all the essential elements of the offense. *Id*.

Aggravated sexual assault is sexual assault with an aggravating element. *Compare* TEX. PENAL CODE ANN. § 22.011 *with* § 22.021 (Vernon Supp. 2008). The court's charge to the jury informed them that Montgomery was charged with two counts of aggravated sexual assault. The charge set out the elements of the two various means of committing sexual assault with which Montgomery was charged. In this case, the aggravating element for both instances of sexual assault was that a deadly weapon was used or exhibited during the sexual assault. The jury was instructed that aggravated sexual assault was sexual assault with a deadly weapon. By three separate application paragraphs, the jury was informed how to find Montgomery guilty of sexual assault and to determine if he used a deadly weapon. The jury was then provided with verdict forms that allowed them to find Montgomery guilty or not guilty of two counts of aggravated sexual assault and allowed the jury to find or not find that Montgomery used or exhibited a deadly weapon, namely a knife, during the commission of the offenses.

Based on a review of the entire charge, we find the charge set out all the essential elements of the offenses required to find Montgomery guilty of aggravated sexual assault. Accordingly, while the charge could have been worded differently to avoid the possibility of conflicting jury answers if it had not been answered as it was by this jury,

the charge was not erroneous.  Montgomery's third issue is overruled.

Having overruled each of Montgomery's issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
Affirmed
Opinion delivered and filed December 3, 2008
Do not publish
[CR25]