

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00216-CR

MICHAEL JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-432,709, Honorable Jim Bob Darnell, Presiding

January 26, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Michael Johnson appeals from his conviction by jury of the offense of aggravated assault on a public servant[1] and the resulting sentence of fifteen years of imprisonment. Through two issues, appellant contends the trial court erred. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.02 (West 2013).

## Background

Testimony showed that on an afternoon in September 2011, a witness called 911 in Lubbock and reported he saw two young males arguing. The witness told the dispatcher one of the males was pointing a small black or silver pistol at the other. When the witness later that day saw the male he had seen with the pistol, he notified nearby police officers and told them where he saw the man. Officer Spann testified he spotted the male suspect, later identified as appellant, walking down an alley. Appellant saw the police car coming toward him and turned and ran. When another officer blocked appellant's path with his car, appellant ran the other direction. The officers yelled "Police stop" but appellant continued running until he reached the end of the block where there was no exit.

Appellant turned around and "square[d] off." While Officer Spann was yelling for appellant to "stop, lay down[,]" appellant reached for his right front pocket. Spann tackled appellant, who fell to the ground with the officer on top of him. The officer was injured. Appellant continued to reach toward his pocket with his arm as he and Spann struggled. A third officer arrived and took hold of appellant's right hand. Once appellant was restrained, Spann located a loaded gun between appellant's legs and the concrete.

## Analysis

Sufficiency of the Evidence

In his first issue, appellant contends the evidence was insufficient for the jury to find beyond a reasonable doubt he used or exhibited a deadly weapon to threaten the

officer. The State argues the evidence was sufficient to show use of a deadly weapon to facilitate the offense. We agree.

The indictment here stated appellant "intentionally and knowingly threaten[ed] FRANKLIN SPANN with imminent bodily injury, and did then and there use and exhibit a deadly weapon, to~wit: a firearm, that in the manner of its use and intended use was capable of causing death and serious bodily [sic], and the said FRANKLIN SPANN was then and there a public servant lawfully discharging his official duty, and the said defendant knew that the said FRANKLIN SPANN was a public servant."[2]

In reviewing whether the evidence is sufficient to support a criminal conviction, we apply the standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). Under that standard, a reviewing court views all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks,* 323 S.W.3d at 894-95, (*citing Jackson,* 443 U.S. at 319). As the trier of fact, the jury is the sole judge of the weight and credibility of witness testimony, and on appeal we defer to the jury's determinations. *Brooks,* 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id.* On appeal, we serve only to ensure the jury reached a rational verdict, and we may

---

[2] Alleging in the conjunctive that a defendant used and exhibited a weapon does not require the State to prove that the defendant did both. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (holding that "although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive.").

3

not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The sufficiency standard is the same for both direct and circumstantial evidence. *Wise,* 364 S.W.3d at 903. For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Id.* Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Id.*

A person commits aggravated assault if he commits assault under Penal Code section 22.01 and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2). An assault occurs when a person intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2). A person can communicate a threat by conduct as well as by words. *Galvan v. State,* No. 10-13-00407-CR, 2014 Tex. App. LEXIS 12804, at *5 (Tex. App.—Waco Nov. 26, 2014, no pet.) (mem. op., not designated for publication). The offense is a first degree felony if the actor uses or exhibits a deadly weapon during the commission of the assault and the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.02(b)(2)(B).

Appellant restricts his argument on appeal to the proof related to the use or exhibition of a deadly weapon and does not assert the evidence is insufficient to prove any other element of the offense.

4

The Court of Criminal Appeals in *Patterson v. State,* 769 S.W.2d 938, 941 (Tex. Crim. App. 1989), stated that "used . . . a deadly weapon" during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. On the other hand, "exhibited a deadly weapon" means that the weapon was consciously shown or displayed during the commission of the offense. *Id.* "Used. . . during the commission of a felony offense" refers to the wielding of a firearm with effect, but also extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. *Id.* One can "use" a deadly weapon without exhibiting it. *Id. See also Plummer v. State,* 410 S.W.3d 855 (Tex. Crim. App. 2013) (discussing *Patterson*).

Here, the evidence was sufficient to show appellant "used" a firearm during his assault of Officer Spann even though the officer did not see the gun until appellant was restrained. When Spann responded to the 911 call, he knew the witness had seen appellant with a gun. When the officers spotted appellant, he ran from them until he was cornered. Appellant then "squared off" against officers and repeatedly tried to reach into his pocket. Spann testified, "So when he reaches for his pocket I can't see his hand going into his pocket. And at this point, I mean, I knew what he was going for, and – I mean, really and truly you have to assume what he's going for, considering the original reason we were trying to stop him. He had already pulled a gun on somebody else." Appellant continued his attempts to reach for his right pocket during his struggle with Spann, and the loaded semi-automatic pistol was found on the ground between appellant's legs. Spann said he believed the gun fell out of appellant's pocket during the scuffle with officers.

Even though Officer Spann did not actually see the gun until after appellant had been restrained, appellant's possession of the firearm, coupled with the evidence Spann knew of his possession of it and appellant's conduct leading the officer to believe he was attempting to reach the gun, permitted the jury to conclude appellant employed or utilized it to achieve his purpose of threatening the officer, such that his possession of the firearm facilitated the assault by threat. *Patterson,* 769 S.W.2d at 941; *see Herring v. State,* 202 S.W.3d 764, 766 (Tex. Crim. App. 2006) (finding defendant's statement to victim of theft that he had a knife, threatened to kill victim and took his money sufficient to show use of deadly weapon); *see generally Arceneaux v. State,* 177 S.W.3d 928 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). *See also Galvan,* 2014 Tex. App. LEXIS 12804, at *5-6 (finding evidence sufficient to prove defendant used or exhibited a deadly weapon when he refused to take his right hand out of his jacket pocket after he encountered officers, struggled with officers, and officers then found a handgun in defendant's pocket with his finger on the trigger); *McCain v. State*, 22 S.W.3d 497 (Tex. Crim. App. 2000) (presence of item in defendant's back pocket victim thought was a knife was sufficient for "use" under the statute, even though defendant never brandished it in a threatening manner, because victim was afraid that the defendant would use the knife against her); *Moore v. State,* 531 S.W.2d 140, 142 (Tex. Crim. App. 1976) (circumstantial evidence can be sufficient to support a finding that a defendant used a deadly weapon in the commission of an offense even if the complainant never saw it).

Taken in the light most favorable to the verdict, the evidence is legally sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt appellant

committed the offense of aggravated assault against a public servant as charged. We overrule appellant's first issue.

Jury Argument

In his second issue, appellant asserts the trial court reversibly erred in failing to give a curative instruction and in failing to grant a mistrial where, he contends, the State misled the jury regarding a point of law.

Appellant focuses on the following statement made by the prosecutor during closing argument in the guilt-innocence phase of trial:

> where a robber goes into a bank . . . hands the teller a note or says, you know, "give me all your money" and then what does he do . . he puts his hands in his pocket, . . and then afterwards you find out they found a gun on this individual . . . we talked about that as a manner in which someone can use a gun, but we have more than that.

Appellant argues the statement was a misstatement of the law because "merely possessing a gun where it is not visible to the victim does not meet the legal definition of using or exhibiting under the circumstances of this case because it does not facilitate the offense. Therefore, this was a misstatement of the law as was recognized in the trial court's sustaining of defense counsel's objection. This statement was manifestly improper as it misstated the case law's definition of what it is to 'use' a deadly weapon."

Jury argument that misstates the law or that is contrary to the instructions in the jury charge is improper. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex. Crim. App. 1990); *Burke v. State*, 652 S.W.2d 788, 790 (Tex. Crim. App. 1983); *Nzewi v. State,* 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). In reviewing

7

complaints about comments made during jury argument, appellate courts review the comments within the context of the entire argument. *Railsback v. State,* 95 S.W.3d 473, 479 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

The defense objection to the prosecutor's argument stated, "Your honor, I'm going to object. That's a misstatement of the law, the way that he phrased that example. I'm going to object as improper argument." The court responded, "The Court will sustain the objection as far as the statement made." Counsel continued, "And I'm going to ask that the jury be instructed to disregard that statement." The court responded, "Sustained." Counsel then asked for a mistrial, which was denied.

Appellant's complaint on appeal that the court erred by failing to give a curative instruction presents nothing for our review. The court "sustained" appellant's request for an instruction that the jury disregard the prosecutor's statement. The "essential requirement" for preservation of a complaint for appellate review "is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). The trial court did not refuse appellant's request for an instruction. If appellant was dissatisfied with the court's positive response to his request for an instruction, a further request was required. *See Corona v. State*, No. 07-11-00262-CR, 2013 Tex. App. LEXIS 8183, at *6 (Tex. App.—Amarillo July 3, 2013, no pet.) (mem. op., not designated for publication) (applying *Young* in comparable circumstance). *See generally Temple v. State,* 342 S.W.3d 572, 592 (Tex. App.—Houston 14th Dist. 2010), *aff'd* 390 S.W.3d 341 (Tex. Crim. App. 2013) (regarding objection to evidence, holding failure to request additional relief after objection is sustained preserves nothing for review).

A mistrial is an extreme remedy and should be exceedingly uncommon. *See Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (stating a mistrial is required only "in extreme circumstances, where the prejudice is incurable"). A mistrial is required only when the impropriety is clearly calculated to emotionally inflame the jurors' minds and is of such a character as to suggest the impossibility of withdrawing the impression produced on the jurors' minds, *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex. Crim. App. 1999), or when the impropriety is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins,* 135 S.W.3d at 77; *Archie v. State,* 340 S.W.3d 734, 739 (Tex. Crim. App. 2011).

Assuming, without deciding, the prosecutor's illustration of a bank robber's "use" of a weapon lay outside the permissible areas of jury argument,[3] considering the illustration in its context, we cannot agree the court erred by failing to grant a mistrial. We resolve appellant's second issue against him.

Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.

---

[3] *See Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (the four permissible areas of jury argument are (1) summation of the evidence; (2) reasonable deductions drawn from the evidence; (3) answer to opposing counsel's argument; and (4) a plea for law enforcement).