**Affirmed and Opinion Filed May 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00724-CR
_____

**ROBERT JOE KIMBLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1355104-T**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

A jury found appellant Robert Joe Kimble guilty of aggravated assault. The trial court found the indictment's enhancement paragraph true and assessed appellant's punishment at twenty-five years' imprisonment. The court also made affirmative findings that (a) appellant used or exhibited a deadly weapon and (b) the case involved family violence. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. We affirm the trial court's judgment.

Davida Wesley is the complainant in this case. She testified that she and appellant had been dating for three months when the incident occurred that forms the basis of this case. Wesley testified she dropped off her daughter at work on that evening and went to see appellant at about nine o'clock. They went to appellant's brother's apartment for dinner and then spent the

evening together with a group of people at a neighbor's apartment. Wesley testified that as one of the other couples prepared to leave the neighbor's apartment, the man approached her and tried to kiss her on the mouth. She rejected this advance. Not long afterward, Wesley and appellant left the gathering and began to walk toward her nearby condominium. Wesley related that as she reached to hold appellant's hand, he hit her with his fist across her face. Then he grabbed her "and he just started wailing [sic]" on her, repeatedly hitting her on the side of her head and face. Wesley testified she screamed for help, but no one responded. She asked appellant, "How could you do this to me? . . . You're going to take my life?" After some time, she blacked out. When she came to, appellant was using his foot to hold her down, and he was striking her on the arm with a pipe. Wesley stated that at first she thought appellant was striking her with a tree branch, but when she saw pictures of the scene, she saw several rod-like pipes on the ground where she had been beaten. Eventually, appellant ran away.

Wesley and her daughter met with police and paramedics shortly after four o'clock that morning. Photographs taken by the officers show an abrasion beneath Wesley's left eye and a large knot on her forehead above that eye. Her face was very swollen, and she had marked welts on her arm. Wesley denied losing consciousness in her interview with police, but she stated at trial that she did so because she did not want to worry her daughter any further.

Ikkendra Oliobi, Wesley's daughter also testified at trial. She explained that her mother picked her up from work sometime around three or four o'clock that morning. When she saw her mother's injuries, Oliobi insisted that she call the police. After the police interview, at about six o'clock that morning, Oliobi went to the place where her mother said the attack had taken place. Oliobi found a bracelet and earrings belonging to her mother on the ground; she testified her mother had been wearing those earrings the night before when she dropped Oliobi off at work. Oliobi also saw three or four metal pipes on the ground. She took pictures of the area,

–2–

including the jewelry, the pipes, and what she believed was blood on the ground. Those photographs were also admitted into evidence.

Appellant was charged with aggravated assault. The indictment states in relevant part that he did:

> unlawfully then and there intentionally, knowingly and recklessly cause bodily injury to DAVIDA WESLEY, hereinafter called complainant, by STRIKING COMPLAINANT WITH A HAND AND A TREE BRANCH AND A PIPE, and said defendant did use and exhibit a deadly weapon, to-wit: a HAND, A TREE BRANCH, AND A PIPE, during the commission of the assault.

Appellant's specific complaint on appeal is that the evidence is insufficient to establish that he used or exhibited a deadly weapon in this case. That use or exhibition was an essential element of the aggravated assault with which appellant was charged. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) (person commits aggravated assault if he commits assault and uses or exhibits deadly weapon during commission of assault).

We review this challenge by examining the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the deadly weapon element beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury exclusively determines the credibility of the witnesses and the weight to be given their testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Appellant acknowledges that both the police officer who interviewed Wesley and the detective who investigated this case testified that a hand, a tree branch, and a pipe could be deadly weapons, but he argues the State failed to prove how any of the three were used as deadly weapons in this case. We disagree.

The State is not required to show that the use or intended use of the weapon actually causes death or serious bodily injury; instead, it must show that the weapon's "use or intended use *is capable of* causing death or serious bodily injury." TEX. PENAL CODE ANN.

§ 1.07(a)(17)(B) (West 2011) (emphasis added). To determine whether something is a deadly weapon, the jury may consider all the surrounding facts. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). The record indicates Wesley believed appellant was trying to kill her by repeatedly punching her in the head and face. The police photographs establish that she suffered from visible facial and head injuries as a result of those blows to the head. Wesley also testified that more than a year after the assault, she still felt its effects in her jaw. The injuries inflicted on the victim are factors to be considered in determining whether a hand was used as a deadly weapon. *Lane v. State*, 151 S.W.3d 188, 191 (Tex. Crim. App. 2004). We conclude the evidence supports a finding that appellant's use of his hand in this case was capable of causing serious bodily injury. Therefore, rational jurors could have concluded appellant's hand was used as a deadly weapon.

And as to whether appellant used a tree branch or a pipe as a deadly weapon, Wesley's testimony and the police photographs of the injury to her arm support a similar finding. Wesley stated she came to consciousness and was aware of appellant holding her down and striking her with something in his hand. She initially believed he was hitting her with a tree branch; when she saw her daughter's pictures of the scene of the assault, she believed he could have been swinging one of the metal rods, or pipes, seen in the photograph. The police photographs show a series of long, thin, raised welts running down Wesley's right arm. It is reasonable to infer that she was struck repeatedly with something long and thin and hard. *See Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex. Crim. App. 2008) (even without description of weapon, injuries suffered by the victim can by themselves be sufficient basis for inferring deadly weapon was used); *see also Moore v. State*, 531 S.W.2d 140, 142 (Tex. Crim. App. 1976) (use of deadly weapon can be proved by circumstantial evidence). We conclude the evidence supports a

finding that appellant's use of a branch or a pipe in this case could have caused serious bodily injury. Rational jurors could have concluded one of those items was used as a deadly weapon.

When we view the evidence in the light most favorable to the prosecution, we conclude it is sufficient to establish appellant employed one or more deadly weapons in his assault of Wesley. We overrule appellant's single issue, and we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140724F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT JOE KIMBLE, Appellant

No. 05-14-00724-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1355104-T.
Opinion delivered by Chief Justice Wright.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 28, 2015.