PD-1014-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/31/2015 6:23:45 PM
Accepted 9/1/2015 12:46:05 PM
ABEL ACOSTA
CLERK

ORAL ARGUMENT REQUESTED

NO. PD-1014-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
SITTING AT AUSTIN, TEXAS

_____

STEVEN GOODE,
Petitioner,

VS.

THE STATE OF TEXAS
Respondent

_____

On Petition for Discretionary Review
To the Court of Appeals Fifth
Supreme Judicial District
Cause No. 05-14-00651-CR

PETITION SEEKING DISCRETIONARY REVIEW

James W. Huggler
State Bar No. 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Telephone:  903-593-2400
Facsimile:  903-593-3830
jhugglerlaw@sbcglobal.net

ATTORNEY FOR PETITIONER

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES

Trial Court Judge:     Dennis Jones, Presiding
County Court at Law Number One
Kaufman County, Texas

Appellant/Petitioner: Steven Goode
TDCJ#01929962
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

Appellant's
Trial Counsel:     Nolan White
690 W. Dallas
Canton, Texas 75103

Appellant's Counsel  Russ Henrichs
on Direct Appeal:    PO Box 190983
Dallas, Texas 75219

Appellant's Counsel  James Huggler
on Petition Seeking  100 E. Ferguson, Suite 805
Discretionary Review: Tyler, Texas 75702

Appellee/Respondent: State of Texas
Kaufman County Criminal District Attorney's
Office

State's
Trial Counsel:     Phillip Williams
Shelton Gibbs
Kaufman County District Attorney's Office
100 W. Mulberry, 2nd Floor
Kaufman, Texas 75142

| State's | Sue Korioth |
| Appellate Counsel: | Erleigh Wiley |
| | Kaufman County District Attorney's Office |
| | 100 W. Mulberry, 2nd Floor |
| | Kaufman, Texas 75142 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

What are the permissible limits to the State offering
evidence of gang membership when that evidence does not
further an element of the offense or is simply character
evidence?

REASONS FOR GRANTING REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Reasons for Granting Review. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Analysis and Application. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX A - Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

## CASES

<u>Canales v. State</u>, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003). . . . . . . . 4, 6

<u>Gigliobianco v. State</u>, 210 S.W.3d 637 (Tex. Crim. App. 2006). . . . . . . . 5

<u>Goode v. State</u>, No. 05-14-00651-CR, Tex. App. – Dallas,

    July 1, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

<u>Jackson v. State</u>, 314 S.W.3d 118 (Tex. App. – Houston

    [1st Dist.] 2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

<u>Medrano v. State</u>, No. AP-75320, 2008 Tex. Crim. App.

    Unpub. LEXIS 871 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . 4


## RULES

Tex. R. App. P. Ann. 9.4 (West 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. R. App. P. Ann. 66.3(a) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. Ann. 66.3(b) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. Ann. 66.3(c) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. Evid. 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PD-1014-15

| | | |
|---|---|---|
| STEVEN GOODE, | § | IN THE COURT OF |
| PETITIONER | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | AUSTIN, TEXAS |

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Steven Goode, Petitioner and Defendant in the trial court, respectfully submits this his Petition for Discretionary Review complaining of the ruling and opinion by the Court of Appeals for the Fifth Supreme Judicial District, and would show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Court grants this petition, Petitioner requests the Court to grant oral argument herein so that all matters may be clarified and any questions presented by the briefs of the parties may be addressed in a proper manner.

1

## STATEMENT OF THE CASE

Appellant was indicted in Kaufman County with the felony offense of possession with intent to deliver methamphetamine. Goode v. State, No. 05-14-00651-CR, 2015 Tex. App. LEXIS 6741 (Tex. App. – Dallas, July 1, 2015). A jury convicted Mr. Goose and the trial court sentenced him to thirty years confinement. Notice of appeal was timely filed. The Court of Appeals affirmed the trial court's sentence in an unpublished opinion, and this petition follows. The Petition is timely filed on or before August 31, 2015 following proper extensions granted by this Court.

## STATEMENT OF PROCEDURAL HISTORY

The Fifth Court of Appeals issued an opinion not designated for publication in number 05-14-00651-CR on July 1, 2015. No motion for rehearing was filed. On August 6, 2015, a Motion to Extend Time to File Petition for Discretionary Review was filed. That Motion was granted and the time to file a petition for discretionary review was extended until August 31, 2015.

## GROUND FOR REVIEW

What are the permissible limits to the State offering evidence of gang membership when that evidence does not further an element of the offense or is simply character evidence?

## REASONS FOR GRANTING REVIEW

The decision of the Court of Appeals conflicts with another court of appeals decision on the same issue. TEX. R. APP. P. ANN. 66.3(a) (West 2014).

The decision of the Court of Appeals decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. Ann. 66.3(b) (West 2014).

The decision of the Court of Appeals conflicts with an applicable decision of the Court of Criminal Appeals on an important question of state law. TEX. R. APP. PROC. ANN. 66.3( c)(West 2014).

## STATEMENT OF FACTS

Steven Goode was indicted and charged with the offense of possession of methamphetamine with the intent to deliver in an amount

between four and two hundred grams. The State's case rested on the testimony of informant Carole Blevins, who had the methamphetamine hidden in the crotch of her pants Goode at 2. The law enforcement officers who investigated the case also relied on the fact that Mr. Goode was a member of a criminal street gang, specifically the Aryan Brotherhood of Texas. Goode at 3. The trial court found the enhancement paragraph true and sentenced Mr. Goode to thirty years confinement. Further discussion of relevant facts is included below.

ARGUMENTS AND AUTHORITIES

A. Reasons for Granting Review

The opinion issued in this case conflicts with the opinion from the First Court of Appeals on the same issue. Jackson v. State, 314 S.W.3d 118 (Tex. App. – Houston [1ˢᵗ Dist.] 2010, no pet.).

The opinion also conflicts with this Court's holdings limiting gang membership testimony if it provides some relevant link to the commission of the offense. Medrano v. State, No. AP-75320, 2008 Tex. Crim. App. Unpub. LEXIS 871 (Tex. Crim. App. 2008) and Canales v. State, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003).

B. Analysis and Application

Almost the surest way to ensure a conviction is to include an allegation that an accused is a member of a criminal street gang. In this case, there was a running objection to the evidence that Mr. Goode was a member of a gang, and the State relied extensivley on the Aryan Brotherhood of Texas, its operating methods, and his involvement with that group. <u>Goode</u> at 8-9. The jury was left with general information about the Aryan Brotherhood of Texas and their structure and operating methods, and left to speculate as to Mr. Goode's involvement.

The Court of Appeals erred in finding this evidence was properly admitted because the indictment alleged that Mr. Goode was a member of a criminal street gang. <u>Goode</u> at 10. The allegation however does not end the inquiry. <u>Jackson</u> 118 S.W.3d at 125. Even relevant evidence can be excluded. TEX. R. EVID. 403; <u>Gigliobianco v. State</u>, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). The Court also erred in determining that contraband inside the pants of another person somehow fits the operating patterns of a street gang and is thus admissible. <u>Goode</u> at 10.

This analysis used below stands in contrast to the Houston court in <u>Jackson</u>. <u>Jackson</u> involved the admissibility of evidence of prior crimes

5

committed by a criminal street gang without any evidence as to the defendant's participation in or knowledge of those offenses. <u>Jackson</u> at 125-26.

The analysis used below also contradicts the requirement that gang testimony must have some underlying value to assist the trier of fact. <u>Canales</u>, 98 S.W.3d at 697.

## CONCLUSION

Under all circumstances, the Court of Appeals erred in affirming the trial court's decision. This court should grant discretionary review, allow complete briefing, and, upon such review, reverse the Court of Appeals and remand the case to the Court of Appeals for further consideration.

## PRAYER

WHEREFORE, Petitioner prays the Court to grant discretionary review and, upon such review, to reverse the judgment of the Court of Appeals; and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ James Huggler
James W. Huggler
State Bar No. 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Telephone: 903-593-2400
Facsimile: 903-593-3830
jhugglerlaw@sbcglobal.net
ATTORNEY FOR PETITIONER

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Petition has been forwarded to the Kaufman County District Attorney's Office , and on the State Prosecuting Attorney through the State of Texas Electronic Filing System on this the 31st day of August, 2015 at the addresses listed below

/s/ James Huggler
James W. Huggler

Erleigh Wiley
Sue Korioth
Kaufman County District Attorney's Office
100 W. Mulberry, 2nd Floor
Kaufman, Texas 75142

Lisa McMinn
State Prosecuting Attorney
PO Box 12405
Austin, Texas 78711

<u>CERTIFICATE OF COMPLIANCE</u>
I certify that this Petition complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 1,529 words as counted by Corel WordPerfect version x6.

/s/ James Huggler
James W. Huggler, Jr.

NO. PD-1014-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS SITTING AT

AUSTIN, TEXAS

STEVEN GOODE,

Petitioner

VS.

THE STATE OF TEXAS,

Respondent

On Petition for Discretionary Review
To the Court of Appeals Fifth
Supreme Judicial District
Cause No. 05-14-00651-CR

APPENDIX

STEVEN MICHAEL GOODE, Appellant

v.

THE STATE OF TEXAS, Appellee

No. 05-14-00651-CR

COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS

2015 Tex. App. LEXIS 6741

July 1, 2015, Opinion Filed

NOTICE: PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

PRIOR HISTORY: [*1] On Appeal from the County Court At Law No. 1, Kaufman County. Texas Trial Court Cause No. 30921CC.

COUNSEL: For Appellants: Russ Henrichs, Dallas, TX.

For Appellees: Sue Korioth, Erleigh Norville Wiley, Kaufman, TX.

JUDGES: Before Justices Francis, Lang-Miers, and Whitehill. Opinion by Justice Whitehill.

OPINION BY: BILL WHITEHILL

OPINION

MEMORANDUM OPINION

Opinion by Justice Whitehill

A jury convicted Steven Michael Goode of possession with the intent to deliver four grams or more but less than 200 grams of methamphetamine. The trial court found the enhancement paragraph true, found that Goode committed the offense as part of a criminal street gang, and sentenced Goode to thirty years' imprisonment.

In three issues, Goode argues that the: (i) trial court erred in denying his motion to suppress; (ii) trial court erred in admitting gang affiliation evidence during the guilt-innocence phase because it was impermissible character-conformity evidence; and (iii) evidence is insufficient to support his conviction. Concluding that his arguments lack merit, we affirm the

trial court's judgment.

I. Background

Texas State Trooper Devin Gonzalez was a member of a task force investigating the Aryan Brotherhood of Texas (ABT) and ABT's methamphetamine distribution. In connection with the investigation, Goode, and another ABT member, Rusty Duke, [*2] were under surveillance.

A fellow task force member, Officer Steve Lair, told Trooper Gonzalez that Goode was en route to pick up some methamphetamine at a house Duke used as a "Trap House."[1] Duke was later observed at the Trap House. Goode's truck was also seen there, with a female passenger in the front seat. When Goode left the Trap House, Gonzalez told Trooper Schumann, who was on routine traffic patrol, that Goode's truck might be carrying narcotics. Gonzalez asked Schumann to make a traffic stop if he could.

> 1 Gonzalez explained that a "Trap House" is a residence used solely for the distribution of narcotics.

Schumann saw Goode's truck going east on the highway and followed it. Schumann initiated a stop after he saw the truck make an unsafe lane change.

Schumann asked Goode and his female passenger, Carole Blevins, to get out of the truck. When Goode consented to a search of the truck, Schumann found half of a joint in Blevins's cigarette pack. Blevins, who was later identified as an informant, also had methamphetamine hidden in the crotch of her pants. Blevins and Goode were both arrested, and Goode was charged with possession with intent to deliver methamphetamine in an amount of [*3] four grams or more but less than 200 grams, enhanced by a prior felony conviction.

The trial court denied Goode's motion to suppress the drug evidence. Before trial, the State amended the indictment to include an allegation that Goode committed the offense "as a member of a criminal street gang." The trial court denied Goode's motion to quash the amended indictment.

The case was tried to a jury. During trial, the State introduced evidence of Goode's ABT membership and of ABT's structure and operating methods. Defense counsel objected that the evidence constituted impermissible character evidence and was more prejudicial than probative. The trial court overruled the objections and allowed the defense a running objection to that evidence.

The jury found Goode guilty. The trial court found the enhancement paragraph true, found that Goode committed the offense as part of a criminal street gang, and sentenced Goode to thirty years' imprisonment.

## II. Analysis

### A. Issue No. 1: Did the Trial Court Err in Denying the Motion to Suppress?

Goode's first issue argues that the trial court erroneously denied his motion to suppress because the "stop and detention of [his] truck was impermissible and did [*4] not provide [the officer] a legitimate basis for making the stop and subsequent arrest," and because Gonzalez did not have "sufficient credible information to pass on to Officer Schumann."

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. Turrubiate v. State, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We give almost total deference to the trial court's findings of historical fact that are supported by the record and its application of the law to facts if the resolution of those questions turns on an evaluation of credibility and demeanor. Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We review de novo the trial court's application of the law to the facts when the issue does not turn on credibility and demeanor. Id. The trial court is the exclusive trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony at the suppression hearing. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In reviewing a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the ruling. See State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

We first note that Goode's briefing on this issue is inadequate. We locate Goode's argument that Gonzalez lacked "sufficient credible information to pass on to Officer Schumann," and could not "reliably and justifiably provide [*5] information to Officer Schumann to make the traffic stop in the first place," in the last paragraph under the issue. The briefing is fifteen pages long with ten of the fifteen pages consisting of direct quotes of testimony given at the suppression hearing. Over four pages are quotes of general case law. As to the traffic violation, Goode states that he challenged whether a traffic violation was committed at the hearing on the motion to suppress, and "the points raised by defense counsel are re-urged here." Because Goode fails to proffer any analysis or argument to support this argument on appeal, we reject his complaint. See TEX. R. APP. P. 38.1(i); McCarthy v. State, 65 S.W.3d 47, 49 n. 2 (Tex. Crim. App. 2001).

Regardless, an officer may stop and detain a person if the officer has reasonable suspicion that a traffic violation is in progress or has been committed. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). An objectively valid stop is not unlawful just because the detaining officer has some ulterior motive for making the stop.

Crittenden v. State, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995). Ordinarily, a violation of a traffic law committed in view of a police officer is sufficient authority for a traffic stop. See Lemmons v. State, 133 S.W.3d 751, 756 (Tex. App.-- Fort Worth 2004, pet. ref'd).

In findings of fact and conclusions of law, the trial court found that, when he stopped the vehicle, Trooper Schumann had reasonable suspicion [*6] to believe that Goode had violated transportation code § 545.053(a). See TEX. TRANSP. CODE ANN. § 545.053(a) (West 2011) (passing). The court also found, in pertinent part, that when he stopped the vehicle, Trooper Schumann had reasonable suspicion to believe that Goode was violating transportation code section 547.3215. See TEX. TRANSP. CODE ANN. § 547.3215 (West 2011) (reflective devices).

Schumann's testimony is consistent with the trial court's findings. Schumann testified that he followed the truck as it traveled east on the highway in the right lane. Schumann then saw the truck move into the left lane, pass a vehicle that had entered the highway, and move back into the right lane "before it was safely-- coming clear of the passed vehicle." Schumann said that this constituted passing unsafely because it did not allow sufficient distance between the truck and the passed vehicle, which caused the driver of the passed vehicle to have to slow down or change his driving

behavior. Consequently, Schumann initiated a traffic stop. When he did so, he also noticed that the truck's third brake light was out.

We conclude that although the issue is inadequately briefed, the traffic stop was based on a reasonable suspicion that Goode had committed a traffic violation. Therefore, the trial [*7] court did not err in denying the motion to suppress.

## B. Issue No. 3: Was The Evidence Sufficient to Prove that Goode Possessed Methamphetamine with the Intent to Deliver?

Goode's third issue challenges the sufficiency of the evidence to support his conviction. Although the stated issue mentions both the possession and intent to deliver elements, his argument discusses only the possession element. According to Goode, the evidence does not establish that he possessed narcotics at the time of his arrest.

When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Wise v. State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the

evidence in making our determination. Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). If the evidence is conflicting, we "presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination." Wise, 364 S.W.3d at 903 (quoting Jackson v. Virginia, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

To prove possession, the State must show that the accused: (1) exercised care, custody, [*8] control, or management over the contraband, and (2) knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.112 (West 2010 & Supp. 2014); Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). To meet this standard, the State must show that Goode's connection with the methamphetamine was more than fortuitous. Poindexter, 153 S.W.3d at 406. Control over a controlled substance need not be exclusive, but can be jointly exercised by more than one person. See McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.--Dallas 2003, no pet.). If the defendant was not in exclusive possession of the controlled substance, the State is required to present evidence linking him to it. See Taylor, 106 S.W.3d at 830-31. Mere presence at the contraband's location is not sufficient to establish possession. Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App.

2006). But presence or proximity, combined with other direct or circumstantial evidence, may establish possession beyond a reasonable doubt. Id.

Blevins, the informant, was with Goode when they were stopped by the police. She testified about (i) her prior knowledge of ABT member Rusty Duke and his methamphetamine business, (ii) Goode's statements to her about Duke being in that business, (iii) her conversations with Goode in which he said that they were going to meet Duke and pick up methamphetamine for Goode to front for Duke, (iv) how she had fronted drugs for Duke before, and [*9] (v) her telling Goode about Duke's methamphetamine operations. Blevins was a female ABT "feather wood," which is a woman who is married to or the girlfriend of an ABT member and is loosely affiliated with that organization. She testified that, as an ABT feather wood, she had no choice but to go along on the trip. She also said that on the way to Duke's house she and Goode smoked part of a joint, which Goode then told her to put in her cigarette pack. Half of the joint remained there when they were pulled over.

Blevins described the trip to Duke's Trap House to pick up the methamphetamine, Goode's meeting with Duke right before she and Goode got in his white Ford truck, and how he placed the drugs on the truck's console as they drove off in Goode's truck.

14

Blevins explained that, as the police light came on, Goode gave her the methamphetamine and said, "you need to put this on you." Blevins understood that to mean she needed to "crotch it," so she put the drugs down her pants. When the officer pulled them over, he separated them from each other. While the officer was talking to Goode, the drugs were "down in [Blevins's] pants."

When the officer searched the truck and found the joint, Blevins [*10] told him it was hers. The officer then asked Blevins if she had anything else illegal on her. Blevins replied, "No." The officer then stated, "I know you have something on you." So Blevins retrieved the methamphetamine from her pants. When she did so, she asked that the officer not tell Goode, because he would "kill [her] if he found out."

Goode and Blevins were arrested and taken to jail, where they remained for a few months. During that time, several letters were exchanged between them. Many of these letters were admitted into evidence. In one letter, Goode asked Blevins not to be mad at him. Blevins understood that to mean his asking her to carry the drugs. According to Blevins, at that point Goode thought she had told the police the drugs were hers. When Goode wrote that he would make it up to her, Blevins understood that to mean that Goode thought she would be taking the blame for the methamphetamine.

Blevins testified that Goode was the one who set up the deal with Duke. None of Goode's letters asked Blevins where she had gotten the methamphetamine. Blevins also said that the task force would not have been aware of the drug transaction between Goode and Duke had it not been for [*11] her.

Blevins's testimony was sufficient to link Goode to the narcotics and to show that he exercised care, custody, and control and knew that it was contraband. Goode acknowledges Blevins's testimony, but argues it was not corroborated and that Blevins's criminal history "casts doubt upon her testimony." As the sole judge of Blevins's credibility and the weight to be given her testimony, however, the jury was free to believe her or not. See Brooks v. State, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

We reject Goode's arguments regarding the accomplice witness rule (see TEX. CODE CRIM. PROC. Art. 38.14) because again, he relies on pages of direct quotes of testimony from the trial, cites general case law supporting his argument and fails to analyze the issue. See TEX. R. APP. P. 38.1(i); WorldPeace v. Comm'n for Lawyer Discipline, 183 S.W.3d 451, 460 (Tex. App.--Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citation to authority waives issue on appeal). Moreover, had the issue been preserved and properly briefed, sufficient

evidence was offered to corroborate Blevins' testimony by connecting Goode to the offense.

For the above reasons, we decide Goode's third issue against him.

## C. Issue No. 2: Was Evidence of Goode's Aryan Brotherhood Affiliation Admissible In the Guilt-Innocence Phase?

Goode's second issue argues that [*12] the trial court erred in admitting evidence of his gang affiliation during the guilt-innocence phase because the evidence was impermissible character-conformity evidence, the prejudicial effect of which outweighed its probative value. See TEX. R. EVID. 403, 404(b). The record contains extensive evidence regarding ABT, its operating methods, and appellant's involvement with that gang. Goode unsuccessfully objected to that evidence when offered through Officer Lair but was granted a running objection. The trial court, however, sustained specific objections to detailed evidence regarding ABT's structure. The admitted ABT evidence about which Goode complains consists primarily of general information regarding ABT's structure and specific information regarding the events leading to Goode's arrest.

We review a trial court's evidentiary rulings under an abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We will not reverse an evidentiary ruling if the ruling is within the zone of reasonable disagreement. Id. For the reasons discussed below, we conclude that the trial court did not abuse its discretion in admitting the gang related evidence during the guilt-innocence phase.

We again point out that under this issue, Goode's [*13] briefing is eighteen pages long. He direct-quotes trial testimony and argument for sixteen of the eighteen pages. Another page is general, direct-quote case law that includes the rule 403 balancing factors. We are given a summary argument and directed to the applicable rule and general law but are not provided any analysis or argument to support this argument on appeal. We find this issue inadequately briefed. See TEX. R. APP. P. 38.1(i); McCarthy v. State, 65 S.W.3d 47, 49 n. 2 (Tex. Crim. App. 2001).

Regardless, Rule 404(b) generally prohibits "Evidence of other crimes, wrongs, or acts . . . to show action in conformity therewith." Rule 404(b) applies to third-party acts as well as the defendant's acts. Castaldo v. State, 78 S.W.3d 345, 348-49 (Tex. Crim. App. 2002).

Rule 404(b), however, provides that evidence of other crimes, wrongs or acts may be "admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident

. . . ." TEX. R. EVID. 404(b). The admissibility of evidence offered for these purposes will almost always involve a balancing under Rule 403's substantial prejudice analysis. Castaldo, 78 S.W.3d. at 350. And,

> The weight of the prejudice to the defendant may be different if the extraneous acts are a third party's rather than his own, keeping in mind that the prejudice is greater if the third party's acts [*14] in some way prove the defendant's character.

> The danger of prejudice to the defendant is usually highest when evidence of the defendant's extraneous acts is offered to prove that the defendant acted the same way in the offense on trial. The danger of prejudice may be much lower when evidence of a third party's extraneous acts is offered. If the third party's acts are in some way probative of the defendant's character as well as the third party's, the danger of prejudice may be somewhere in between.

Id.

We conclude the trial court did not abuse its discretion in admitting ABT gang related evidence in the guilt-innocence phase for several reasons.

First, the evidence was relevant because the amended indictment alleges that Goode committed the offense as a member of a criminal street gang and the State must prove the indictment's allegations beyond a reasonable doubt. Moore v. State, 531 S.W.2d 140, 142 (Tex. Crim. App. 1976); Butler v. State, 429 S.W.2d 497, 502 (Tex. Crim. App. 1968). Although the trial court denied Goode's motion to quash this allegation in the indictment, he does not complain about the denial of the motion to quash or the validity of the allegation in the indictment that he was a member of a criminal street gang. The evidence regarding ABT's origins, structure, and operating methods [*15] was directly relevant to prove that Goode's participation in the ABT and that the ABT was a criminal street gang as alleged in the indictment.

Second, the evidence was admissible to prove that Goode possessed the methamphetamine, which was not found on Goode or in Goode's vehicle but was in the pants or crotch area of the passenger. As discussed above, the truck passenger, Blevins, was an informant and an ABT feather wood working with a Task Force Officer with the Department of Homeland Security's National Gang Unit, Lair, who was investigating ABT's drug sales operations. Blevins was in frequent contact with Lair on the day in question, was giving Lair a stream of

17

information regarding the events as they happened, and was the information source leading up to Goode's arrest. She gave detailed testimony about the ABT's involvement in the transaction, Goode's knowing possession of the methamphetamine, and his intent to deliver the drugs. She also testified that, consistent with ABT practices, she was included on the trip so that she could "crotch" the drugs if Goode got pulled over. "Crotching" is an ABT practice of having a woman place illegal drugs in her pants, because most officers [*16] are men and not allowed to search that area. Blevins was the source that directly led to the arrest.

For these reasons, we conclude that evidence regarding the ABT was relevant to proving the allegations in the indictment, the existence of, and appellant's knowing participation in, a gang related crime, and Goode's possession of the methamphetamine. We conclude that the trial court did not abuse its discretion in admitting the gang affiliation evidence in the guilt-innocence phase.

We thus decide Goode's second issue against him.

## III. Conclusion

Having resolved all of Goode's issues against him, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47

/s/ Bill Whitehill

BILL WHITEHILL
JUSTICE

## JUDGMENT

Based on the Court's opinion of this date, the judgment of the trial court is AFFIRMED.

Judgment entered July 1, 2015.